## PARMALEE *against* BALDWIN and others.

THIS was an action on the case against the select-men of the town of *Branford,* for appointing an overseer to the plaintiff. After averring that the plaintiff had at all times been prudent and discreet in the management of her affairs, and had never been likely to be reduced to want, by idleness, mismanagement or bad husbandry, &c. the declaration proceeded thus : " The defendants while select-men as aforesaid, well knowing the premises, and contriving to injure the plaintiff, and to vex, harrass and oppress her, without law or right, and without any notice given to the plaintiff, or giving her any opportunity to be heard on the subject, on or about the 7th of *August* 1812, appointed one *John Rogers* of said *Branford* an overseer to the plaintiff to direct and controul her in her affairs, thereby forbidding the plaintiff all right of managing her own affairs, and gave public notice to all persons by posting the same upon the public sign-post in said *Branford,* and by leaving a copy of their said appointment in the town-clerk's office in said *Branford ;* all which was done without any examination into the concerns or affairs of the plaintiff, and with intent most unjustly and wickedly to vex and harrass the plaintiff, whereby she hath been deprived of the most inestimable privilege of managing her own affairs in her own way, and hath been prevented from disposing of her property and transacting other business, and hath been posted as an idiot, &c., whereby the plaintiff hath been put to great expense, and damnified, as she saith, two thousand dollars."

The cause was tried at *New-Haven,* at an adjourned term in *February* 1815, before *Trumbull, Baldwin* and *Ingersoll,* Js.

On the trial the plaintiff read in evidence the following appointment of an overseer made by the defendants : " It being represented to us the subscribers, select-men of the by the statute, and in conformity with its provisions.

In an action against the select-men of a town for appointing maliciously, and without probable cause, an overseer to the plaintiff, the appointment produced in evidence appearing to be without limitation of time, and therefore void, it was held that the plaintiff was not entitled to recover without shewing special damage.

Malice and want of probable cause being essential to such action, the *onus probandi* lies upon the plaintiff ; and no inference is to be derived from the failure of the defendants to prove that the appointment was made in a case contemplated

In actions for torts, where the law necessarily implies damage to the plaintiff from the act complained of, an allegation of special damage is unnecessary ; but where the law does not necessarily imply such damage, the plaintiff cannot recover without specially stating and proving actual damage.

Where a valid appointment of an overseer is made from malice, and without probable cause, the law will imply damage ; otherwise where the appointment is a nullity.

town of *Branford*, that the widow *Matty Parmalee* of said *Branford*, by mismanagement and bad husbandry is likely to be reduced to want, Mr. *John Rogers* of said *Branford* is appointed overseer, to order, advise and direct said *Matty Parmalee* in the management of her affairs ; and said select-men of such their doings hereby give legal notice, that all persons may govern themselves accordingly. *Branford*, the 7th day of *August* 1812." (Signed by the defendants.) Before the cause was committed to the jury, the plaintiff claimed that she had proved, that the defendants in making this appointment gave no notice to her, and did not proceed according to the statute ; that they made the appointment without probable cause, and with malice ; that it was put upon the post ; and that she had thereby been prevented from doing business, and had sustained the damage set forth in the declaration. The defendants, on their part, claimed that they had proved, that they made due enquiry, and honestly adjudged that there was just cause for making the appointment, and that there was in fact such just cause ; and that, at any rate, as the appointment was without limitation in point of time, it was void ; the plaintiff was not in fact under the government of an overseer ; and therefore, the defendants could not be liable, unless special damages were alleged and proved. But the court in their charge to the jury, instructed them on that point, that although the appointment was void as to all acts done under it, yet in case they should find the appointment was made maliciously, with intent to injure and oppress the plaintiff, and without probable cause, the fact of its being void would be no protection to the defendants. The court further charged the jury as follows : " It is urged, that this appointment was made without notice to the plaintiff, and without due examination and enquiry, or any inspection into her management of her affairs. The court are of opinion, that the law does not require previous notice to the party, nor any formal trial and examination, to render the appointment legal. But in such case, the select-men are bound to shew that the party to whom an overseer is appointed, was, on enquiry by them, in their opinion, guilty of mismanagement and bad husbandry to such a degree as to bring the case within the statute, and render the appointment necessary and proper ; otherwise such appointment is evidence

*New-Haven,*
June, 1815.

Parmalee
*v.*
Baldwin.

of malice, or improper motives proper for the consideration of the jury. It is also urged, that this was not a case within the jurisdiction of the select-men. The only cases in which the statute empowers the select-men to appoint overseers, are *idleness, mismanagement* and *bad husbandry,* by which the party is likely to be reduced to want. If they appoint an overseer on any other ground distinct from these, they act without the authority of the statute, and without jurisdiction ; and this is also evidence of malice or improper motives, which you are to take into your consideration. If then you shall be of opinion, that the defendants made this appointment from malicious or corrupt motives, or without probable cause, or in a case not within their jurisdiction ; or that they made the appointment by a combination, and under the undue influence of those who made the representation, and thus wantonly abused their authority, you will find the defendants *guilty.* On the other hand, if you shall be of opinion that the case under their consideration was within their jurisdiction, and that they adjudged thereon without malicious or corrupt motives, and without any abuse of their power from undue influence and combination with others, you will find the defendants *not guilty.*"

The jury found a verdict for the plaintiff, with 350 dollars damages. The defendants moved for a new trial on the ground of a misdirection ; and the questions arising on such motion were reserved for the consideration and advice of the nine Judges.

*N. Smith* and *Denison* in support of the motion. 1. This is an action on the case to obtain redress for a supposed injury to the plaintiff in depriving her of the power of managing her affairs. This, she says, was done by appointing an overseer to her. But it appeared on the trial, and is so stated in the motion, that the appointment in question was without limitation of time, and was therefore void. *Chalker* v. *Chalker,* 1 *Conn. Rep.* 79. In contemplation of law, no appointment was made. If she still claims to recover on the ground that the defendants *in attempting* to appoint an overseer to her, injured her, she must shew what damage she has sustained. Though the defendants may have conducted in an improper manner, and from motives the most malicious and corrupt ; yet if they have made no appointment, and she

has never been subjected to the controul of an overseer, the law will not presume that she has sustained any damage. No damage to the plaintiff is *necessarily implied* in the acts of the defendants. Suppose a private individual had undertaken to appoint an overseer from the worst of motives ; could presumptive damages be recovered without averring and proving actual damage ?

2. It is incumbent on the plaintiff to make out her case, and to shew that the defendants acted in an improper manner, and from improper motives. They were public officers ; and the law will presume that they did their duty until the contrary is proved.(*a*)   But the charge relieves the plaintiff from the burden of proof, and requires the defendants to exculpate themselves.

*Daggett* and *Staples,* contra.   1. The first objection is, that as the appointment was void, and as no special damage is alleged, there can be no recovery. But the declaration does not treat this appointment as a nullity. It states a valid appointment ; and avers, that the plaintiff was thereby deprived of the power of disposing of her property, of transacting business, and of managing her affairs, besides being posted as an idiot, &c. The defendants are charged with having done every thing to injure the plaintiff, and the plaintiff is stated to have suffered all the evils, which would have resulted from a valid appointment. Now, if there is any thing in the objection, it is this, that the evidence adduced on the trial did not support the declaration. This is a demurrer to evidence, which cannot be regarded in a motion for a new trial.

But admit that the court can now see that the appointment was void, still the select-men had jurisdiction over the case, over the person and property, and acted under the forms of law. If the appointment would have the effect of a valid one, the making of it maliciously, and without probable cause, is actionable *per se.* No other damage need be shewn. In an action for a malicious prosecution, it is no defence that the indictment was ill. The vexation is the same, whether the indictment was good or not. *Jones* v. *Givins, Gilb. Rep.* 185, 199, 205.

2. As the statute providing for the appointment of over-

(*a*) Vide *Williams* v. *The East-India Company,* 3 *East* 192. *Peake's Ev.* 5.

*New-Haven,*
June, 1815.

Parmalee
*v.*
Baldwin.

seers may be converted into a powerful engine of oppression in the hands of the select-men, it must have a strict construction, and the authority which it gives must be strictly pursued. 1 *Root* 246. 1 *Conn. Rep.* 82. The select-men must shew that they have pursued the steps which the statute points out; otherwise the appointment is a fact from which the jury may infer malice.

SWIFT, Ch. J. This is an action against the defendants as select-men for appointing an overseer to the plaintiff maliciously, and without probable cause; and no special damages are alleged in the declaration. On the trial, the plaintiff produced the appointment of an overseer without limitation of time; which was, of course, null and void. The court instructed the jury, that the plaintiff was entitled to recover on proving malice and want of probable cause, though no special damages were alleged.

In actions for torts, where the law necessarily implies that the plaintiff has sustained damage by the act complained of, it is not necessary to make an allegation of special damages in the declaration; but where the law does not necessarily imply such damage, it is essential to the validity of the declaration that the resulting damages should be stated with particularity.

Where a valid appointment of an overseer is made from malice, and without probable cause, the law will imply damage; for the party is deprived of the power of making contracts, and of transacting business. But if the appointment be a nullity, it imposes no such restraint; and if the party suffers no inconvenience from it, no action will lie. If, however, he sustains any special injury by such void appointment, an action will lie; but as the damage does not necessarily result from the appointment, he must specially allege such damage to entitle him to recover.

In this case, as the plaintiff proved the appointment of an overseer which was an absolute nullity, she failed to prove her declaration; and as there was no averment of special damages, it was not competent for her to prove them. Of course, she was not entitled to recover; and the court ought so to have instructed the jury.

In cases like the present, it is essential for the plaintiff to prove malice and want of probable cause; and the failure of

Parmalee
*v.*
Baldwin.

the defendants to prove any fact that might exculpate them is no evidence of malice. It was, therefore, incorrect for the court to charge the jury, that the select-men are in any case bound to shew that the party to whom an overseer is appointed, was, on enquiry by them, in their opinion, guilty of mismanagement and bad husbandry to such a degree as to bring the case within the statute, and to render the appointment necessary and proper; otherwise it was evidence of malice, or improper motives, proper for the consideration of the jury. This would be in a measure to throw the burden of proving their innocence on the defendants. They may act in such case from their own knowledge, and they alone could testify what their opinion was; and as they cannot be witnesses, it would be impossible for them to rebut this presumptive evidence of their guilt.

In this opinion the other Judges severally concurred.

New trial to be granted.