JEFFERY O. PHELPS *vs.* THE NEW HAVEN & NORTHAMPTON COMPANY.

A railroad company had agreed to keep in repair certain cattle-passes under the track of its road for the benefit of the owner of the land.  Held that, in an action for damages for neglecting to keep the same in repair, the plaintiff could recover only damages up to the time of bringing the suit, and not pros- pective damages.

ACTION ON THE CASE to recover damages for the neglect of the defendants, a railroad company, to keep certain cattle- passes in repair which they had agreed to maintain; brought to the Superior Court in Hartford County, and tried to the court on the general issue before *Beardsley, J.*   Judgment for the plaintiff, and motion for a new trial by the plaintiff for error in the rule of damages adopted by the court.   The case is sufficiently stated in the opinion.

*R. D. Hubbard,* in support of the motion, cited 2 Chitty on Cont., 1329; Sedgw. on Dam., 113, 117, 147; 3 Parsons on Cont., 187; *Hambleton* v. *Veere,* 2 Saund., 169; *Richardson*

v. *Mellish*, 2 Bing., 229; *Royalton* v. *Royalton & Woodstock Turnpike Co.*, 14 Verm., 311; *Shaffer* v. *Lee*, 8 Barb., 412; *Beach* v. *Crain*, 2 Comst., 86; *Powers* v. *Ware*, 4 Pick., 106; *Warner* v. *Bacon*, 8 Gray, 397.

*C. E. Perkins*, contra, cited *Kingdon* v. *Nottle*, 1 Maule & Selw., 365, and 4 id., 53; *Luxmore* v. *Robson*, 1 Barn. & Ald., 584; *Shaffer* v. *Lee*, 8 Barb., 420; *Beach* v. *Crain*, 2 Comst., 86.

PARK, C. J. This action is based upon the following clause in the deed from the plaintiff to the defendants of a right of way for the defendants' railroad over the plaintiff's land :— " Said company, their successors, and assigns, are to build, and forever keep in repair, all necessary crossings, sluices, culverts, side-drains and other drains, and also the cattle-passes already built."

The controversy is in regard to the cattle-passes, which the defendants have neglected to keep in repair, and the question is, whether the plaintiff is entitled to recover damages both past and prospective, or is confined to the damages he had sustained at the time the case was tried. The court assessed the damages up to the time of trial, but no prospective damages; and we think there is no error in this ruling.

In *Kingdon* v. *Nottle*, 1 Maule & Selw., 365, Lord Ellenborough, in commenting upon the covenant in that case, said, " It is not like a covenant to repair, for the breach of which damages may be recovered now, and again hereafter, and so *toties quoties.*" In *Shaffer* v. *Lee*, 8 Barb., 420, the court say, " Damages on a covenant to repair may be recovered now and again." In *Beach* v. *Crain*, 2 Comst., 86, the same claim was made as in this case, but the court held, after reviewing the authorities, that repeated actions for continuing neglect to fulfill the obligation to repair could be maintained. *Warner* v. *Bacon*, 8 Gray, 397, is another case bearing upon this subject.

The non-fulfillment by the defendants of their continuing obligation to keep the cattle-passes in repair, manifestly occa-

sions continuing injury as time progresses. The obligation is continually broken, and hence the injury is continually occurring. Where this is the case, new actions for new injuries may constantly be brought.

We do not advise a new trial.

In this opinion the other judges concurred.