HENRY C. SMITH vs. FRANK H. WHITTLESEY.

First Judicial District, Hartford, May Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and CASE, Js.

In an action to recover for the negligent infliction of a severe bodily
injury, inability to follow one's ordinary vocation consequent
thereon may be proved to characterize its extent; but when dam-
ages are claimed because the plaintiff was prevented by the in-
jury from pursuing a particular business yielding a pecuniary
profit, the damages are special, and must be specifically alleged
in the complaint in order to justify their recovery.

An averment that the plaintiff was prevented from attending to his
ordinary business, serves to characterize in a general way the
extent and permanence of the injury, but does not lay the founda-
tion for proof of special damages; and therefore a charge which
authorizes the jury, under such a general averment and in the
absence of any data from which they can compute the amount
of his loss, to award the plaintiff such reasonable sum as in their
judgment would fairly compensate him, is erroneous, in that it
permits the jury to act on mere conjecture instead of on requisite
and appropriate evidence.

A like rule applies also in respect to proof of the expenditure of
money for medical services consequent upon the injury.

Where the alleged error of the trial court affects the question of dam-
ages only, a new trial may be granted limited to their assessment;
and this principle may be applied to jury trials when its applica-
tion is necessary to do justice to the parties.

Argued May 3d—decided July 30th, 1906.

ACTION to recover damages for personal injuries received
in a collision on the highway, alleged to have been caused
by the defendant's negligence in driving his automobile,
brought to the Court of Common Pleas in Hartford County
and tried to the jury before *Coats, J.;* verdict for the
plaintiff for $175, which the trial court trebled on motion
of the plaintiff, and appeal by the defendant. *Error and
new trial ordered limited to the assessment of damages.*

The complaint alleges the injury as follows: The de-
fendant " carelessly and negligently drove against the

vehicle of the plaintiff, and hurled the plaintiff against the wheel of said vehicle." The third paragraph alleges that " by means whereof, the plaintiff was so severely bruised and injured that he was prevented from attending to his ordinary business, and was obliged to spend twenty-five dollars in endeavoring to recover from his injuries, and suffers and has suffered great pain and inconvenience from said injuries. The plaintiff claims $1,000 damages under Sections 2035 and 2036 of the General Statutes."

The answer consists of a specific denial of each allegation in the complaint.

The following reasons of appeal are assigned: 1. The court erred in charging the jury as follows : " If you find that a loss of time was proved and no value for that time has been proved, you should assess his damages for the loss of time at what in your opinion is a reasonable amount of damage for the loss of time. Although the evidence may not give you the exact data from which you could compute that, you are not relieved from the assessment of damages on that account, if damages have been proved, from assessing damages at what you shall judge to be a reasonable amount, such as would fairly compensate the plaintiff for his loss on account of time, loss of time." 2. The court erred in charging the jury as follows : " The plaintiff claims to have proved—he alleges and claims to have proved—that he expended money for medical services. It is claimed that he has offered no proof of that amount, which he actually expended. Having proved that he expended some amount, it becomes your duty to include in your damages what upon the evidence you find to be a reasonable amount, and estimate that accordingly, so far as you are satisfied that the plaintiff has suffered damages, and give him damages in your verdict so as fairly to compensate him, so far as your judgment approves."

*Edward J. Garvan*, for the appellant (defendant).

*Albert S. Gordon*, for the appellee (plaintiff).

Smith v. Whittlesey.

HAMERSLEY, J.   In *Parmalee* v. *Baldwin*, 1 Conn. 313, 317, CHIEF JUSTICE SWIFT, speaking for the court, said: "In actions for torts, where the law necessarily implies that the plaintiff has sustained damage by the act complained of, it is not necessary to make an allegation of special damages in the declaration; but where the law does not necessarily imply such damage, it is essential to the validity of the declaration that the resulting damages should be stated with particularity." We have uniformly enforced this technical rule of pleading as well since as before the adoption of the Practice Act. When the wrongful act complained of consists in inflicting a severe bodily injury, the consequent endurance of pain and loss of time are a necessary, direct result of the injury inflicted, and constitute a damage which the law implies that the plaintiff has sustained by the act complained of. Such damage may be shown under the general allegation of damage and need not be specially stated. *Bristol Mfg. Co.* v. *Gridley*, 28 Conn. 201, 212. Inability to follow one's ordinary vocations, consequent upon an injury inflicted, may be proved to characterize the extent of such injury, but when damage is claimed for special consequences which must depend on the peculiar circumstances of the plaintiff at the time of and previous to the injury, as that he was actually engaged in some special business yielding a pecuniary profit, such special consequences are a special damage which must be stated with particularity. The averment that the plaintiff was prevented from attending to his ordinary business, serves to characterize the injury and its extent and permanence in a general way, but does not lay the foundation for proof of special damages. *Tomlinson* v. *Derby*, 43 Conn. 562, 567; *Taylor* v. *Monroe*, ibid. 36, 46, affirmed in *Eldridge* v. *Gorman*, 77 id. 699, 702, 60 Atl. 643.

The complaint before us alleges no special damage involved in a loss of time by reason of the peculiar circumstances of the plaintiff, and alleges no loss of time except as it may be implied in the statement of the injury inflicted. The court might properly have instructed the jury that, in

determining the reasonable damage necessarily resulting
from the injury inflicted, they might take into consideration
the loss of time and pain and suffering, mental and physi-
cal, actually proved, as tending to show the nature and ex-
tent of the injury, and enhance the damage actually suf-
fered.    But we cannot find any satisfactory reason for
treating as the substantial equivalent of this the instruc-
tion the court did give.    It appears from the finding that
there was evidence tending to show that the plaintiff lost
some time on account of his injuries, but that there was
substantially no evidence of the money value of the time
lost.    This state of the evidence might have justified the
court in telling the jury that the loss of time proved might
be considered in determining the extent of the injury and
the amount of damage necessarily suffered therefrom, but
did not justify the court in assuming that special damages
were properly claimed, and in instructing the jury as it did in
respect to assessing such damages.    The court told the jury,
in substance, that in addition to the damage implied by law
from the infliction of an injury of the extent proved, they
should assess as damage the pecuniary loss to the plaintiff
by reason of the loss of time proved, and in the absence of any
evidence of the value of his time to the plaintiff, and of
the exact data from which they could compute the amount
of damage to him for that loss, they must assess the dam-
age on this account, if damages have been proved, at such
reasonable sum as would fairly compensate the plaintiff for
his loss on account of time lost.    We think that in view of
the state of the pleadings, evidence, and claims, this in-
struction was erroneous, and that it was calculated to in-
duce the jury to believe they were authorized to ascertain
the money value of the time lost by the plaintiff to him,
and to assess as special damage that pecuniary loss, and in
the absence of any proof of value or of exact data for com-
puting the amount lost, they were bound to conjecture
some reasonable amount which in their judgment would
fairly compensate the plaintiff.

An ascertainment of the amount of general damages, or

Smith *v.* Whittlesey.

damages implied by law as the necessary results of a bodily injury wrongfully inflicted, is *ex necessitate rei* largely controlled by conjecture. But in ascertaining the amount of a pecuniary loss not necessarily a result of the injury but dependent for its existence and amount upon facts and circumstances requiring appropriate evidence, the jury must be governed by such evidence, and in its absence are not permitted to resort to mere conjecture. *Gold* v. *Ives*, 29 Conn. 119, 124.

For similar reasons the court also erred in charging the jury as set forth in the second reason of appeal.

A third reason of appeal is assigned by which the defendant claims error in an answer given by the court to a question asked by a juryman at the close of the charge. It would seem from the record that the court understood the juryman to ask a question different from that which he did ask, and for this reason the answer was not appropriate to the question in fact asked. We do not think that the answer, under the circumstances disclosed by the record, misled the jury to the injury of the defendant. The condition is one not likely to again arise.

The only error apparent in the record or claimed upon appeal is one affecting the assessment of damages. Other material issues submitted to the jury have been found for the plaintiff, to wit: that while plaintiff and defendant were traveling the same course on the public highway, the defendant carelessly drove his vehicle against that of the plaintiff and hurled the plaintiff against the wheel of his vehicle whereby the plaintiff was severely injured; that the plaintiff as well as the defendant at the time of the injury was traveling in a vehicle for the conveyance of persons as described in §§ 2035, 2036 of the General Statutes. These issues have been legally settled, and the error of the court in respect to damages may be fully corrected without a retrial of these issues. In such a case it is plain that the issues rightly settled ought not to be reopened, and this court has the power to qualify its order for a new trial by limiting the retrial to that part of the case in which alone there

is any error. *Davenport* v. *Bradley*, 4 Conn. 309, 311; *Zaleski* v. *Clark*, 45 id. 397, 404; *Fritts* v. *New York & N. E. R. Co.*, 63 id. 452, 457, 28 Atl. 529. This principle may be applied to trial by jury when its application is necessary to do justice to the parties. *Boyd* v. *Brown*, 17 Pick. (Mass.) 453, 461; *Pratt* v. *Boston Heel & Leather Co.*, 134 Mass. 300; *Lisbon* v. *Lyman*, 49 N. H. 553; *Braunsdorf* v. *Fellner*, 76 Wis. 1, 18, 45 N. W. 97; *Jones* v. *Coffey*, 109 N. Car. 515, 519, 14 S. E. 84; General Statutes, §§ 802, 803; Rules of Court, p. 109, § 63.

We think the present case calls for the application of this principle, and that the new trial should be limited to the assessment by a jury of the damage alleged in the complaint.

There is error; and a new trial is ordered limited to the assessment of damages.

In this opinion the other judges concurred.