WILLIAM FARRINGTON *vs.* ENOCH CHEPONIS ET AL.

Third Judicial District, Bridgeport, April Term, 1909
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

During the cross-examination of the last of several boys called as witnesses for the plaintiff, all of whom had cried during such examination, the plaintiff's attorney remarked to the defendants' counsel that the latter had made every boy cry in an effort to get him to lie, whereupon a juror responded, audibly, "That's right." Counsel for the defendants at once protested against such remarks, and during the temporary retirement of the jury moved that they be discharged from the further consideration of the case. *Held*, upon a verdict for the plaintiff, that the denial of this motion, followed by the failure of the trial court either to rebuke the plaintiff's attorney and juror, or to do anything else to overcome the effect of these improper observations, constituted reversible error.

In an action for personal injuries a plaintiff is not entitled to recover for loss of his business, unless such special damage is distinctly alleged and proved.

An instruction, in such an action, that if the plaintiff was not careless but was injured by the independent act of the defendants' servant, he would be entitled to recover, is erroneous, since it ignores other elements of liability which the plaintiff is bound to prove.

If a plaintiff's violation of a city ordinance essentially contributes to his injury he cannot recover.

Conduct of the alleged negligent agent or servant of the defendants after the accident relates to a past event and is inadmissible in evidence as a part of the *res gestæ*.

Argued April 20th—decided June 10th, 1909.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendants'

servant, brought to the District Court of Waterbury and tried to the jury before *Cowell, J.;* verdict and judgment for the plaintiff for $500, and appeal by the defendants. *Error and new trial ordered.*

*Edward B. Reiley,* for the appellants (defendants).

*John H. Cassidy,* for the appellee (plaintiff).

RORABACK, J. This action was brought to recover for injuries claimed to have been sustained through the negligence of the defendants' servant, in driving the defendants' horse attached to a wagon in such a manner that it collided with the plaintiff while he was engaged in coasting on a public highway in Waterbury.

The defendants' appeal is based upon several assignments of error. One relates to the action of the court as to improper remarks of counsel and of a juror made during the trial of the case. The questions and the manner in which it arose appear from the finding, as follows: "The plaintiff introduced as witnesses a number of boys who were coasting on Hill Street at the time of the injury, and who were eye witnesses of the accident. These witnesses were as follows: The plaintiff, 15 years; John Farrington, plaintiff's brother, 17 years; Michael Canfield, 17 years; and Harry Carter, 15 years. Each witness was subjected to a severe cross-examination by James E. Russell, one of the defendants' counsel. William Farrington was under cross-examination for an hour and a half; John Farrington and Michael Canfield for fully an hour; and Harry Carter during the entire forenoon session from 10 a. m. to 12.30 p. m. During some part of the cross-examination each boy cried as a result of Mr. Russell's questioning, but did not change the testimony given on the direct." Harry Carter, upon cross-examination, was asked several questions in relation to the defendants' horse, when he cried. The following then occurred: Question by Mr. Russell, attorney for the defend-

ants, upon cross-examination: Why do you feel bad about that?" Mr. Cassidy, attorney for the plaintiff: "You have made every boy cry that has been on the stand, trying to make them tell a lie." At this point one of the jurors said semi-audibly, "That's right." Mr. Russell at once protested against remarks of that kind, and, after the jury had been excused and sent to their room, moved that the jury be discharged from further consideration of the case. The court denied the motion and said: "I think I can in my charge to the jury, possibly can say that they must regard the evidence and not the manner of counsel, and to remove any possible claim that the manner of counsel has affected the merits of the case." Exceptions to the rulings of the court and the conduct of the trial were then taken. It does not appear that any further reference was made to this subject by the court. The record discloses that the plaintiff obtained a verdict for $500.

The law will not sanction the invasion of another's right when it appears that he was not given a fair trial. The improper remarks of counsel were material and well calculated to seriously prejudice the defendants' case with the jury. The comment of the juror indicated such prejudice as disqualified him in the proper performance of his duty. All this, if properly objected to, is ground for reversal unless its effect was in some way overcome. *Wilson* v. *United States*, 149 U. S. 60, 65, 13 Sup. Ct. Rep. 765. The presiding judge did not rebuke either attorney or juror, and failed to caution the jury that they should not be influenced by these improper observations.

The charge was erroneous in its statement as to the rule of damages. In speaking of the plaintiff's right to recover, the court said in part: "In coming to any determination, if you should arrive at the question of damages, you should take into consideration . . . the length of time he was incapacitated from attending to his duties as a newspaper carrier."

No such element of damages was alleged in the complaint, nor does it appear that such damages were proved or claimed upon the trial. The plaintiff in his complaint must give the defendant fair notice of what he claims, and in an action for consequential damages must state the consequences which he claims to have resulted from the wrongful act charged. The special damage which the court instructed the jury the plaintiff was entitled to recover should have been distinctly averred in his complaint. *Eldridge* v. *Gorman,* 77 Conn. 699, 702, 60 Atl. 643.

In speaking of the conduct of the parties the court stated: "If he (the plaintiff) was not careless, was not guilty of any conduct, so that the injury was the natural consequence of what he did, if he was injured by the act of the defendants' servant independent of what he did himself, why then he would recover."

This was erroneous. The plaintiff had alleged and was bound to prove that the servant who was driving the defendants' horse was in the prosecution of the defendants' business; also that the plaintiff's injuries were caused by the defendants' negligence. There was apparently no question that the plaintiff was engaged in the violation of an ordinance. If this act essentially contributed to his injury he could not recover. Upon this point the charge was plainly inadequate.

The driver's conduct after the accident related to a past event and evidence of it was not admissible as part of the *res gestæ. Morse* v. *Consolidated Ry. Co.,* 81 Conn. 395, 399, 71 Atl. 553.

The comments of the court complained of by the defendants may not be made upon another trial and need not be considered at this time.

There is error and a new trial is ordered.

In this opinion the other judges concurred.