JAMES CORDNER *vs.* GEORGE H. HALL.

First Judicial District, Hartford, January Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

An assignment of error to the effect that the trial court erred in charging the jury as set forth in the finding, does not comply with the statutory requirement (§ 798) that such assignments must be definite and specific.

The law implies that a plaintiff who has received a personal injury for which the defendant is liable, may recover such damages as necessarily and directly result therefrom, under a general allegation in his complaint that damages have been sustained by him by reason of the injury; and it is only when he seeks to recover damages other than such as necessarily and immediately flow from the injury, that he must allege such damage specially in his complaint.

In an action to recover for personal injuries caused by the bite of a dog, the plaintiff alleged in his complaint that his leg was still swollen and very painful as a result of the bite, that he had been incapacitated for all labor up to the time of the suit, and had suffered a permanent injury. *Held* that upon proof of this general allegation characterizing the extent of the injury, the jury were justified in taking that fact into consideration in determining the amount of damages to be awarded to the plaintiff, and that an instruction substantially to that effect was not objectionable upon the theory that it permitted the recovery of "special damages" which had not been alleged in the complaint.

Damages may be awarded for such an injury until the disability caused thereby may reasonably be expected to cease; and a judgment in such an action will be a bar to any future recovery, although harmful consequences may subsequently develop.

It is only where there is a repetition or continuation of the trespass or tort, that successive actions are maintainable.

Argued January 3d—decided March 8th, 1911.

ACTION to recover damages for personal injuries caused by the bite of the defendant's dog, brought to the Superior Court in Hartford County and tried to the jury before *Bennett, J.;* verdict and judgment for the plaintiff for $250 damages, and appeal by the defendant. *No error.*

*Herbert O. Bowers*, for the appellant (defendant).

*Alexander Arnott*, for the appellee (plaintiff).

RORABACK, J.   The plaintiff introduced evidence tending to prove these facts:   While he was riding on a bicycle along Main Street in Manchester, the defendant's dog attacked and bit him on one of his legs, and threw him upon the ground.   As a result of this attack, the plaintiff's knee was injured, he suffered much from physical and mental pain, was lame, unable to do any labor for a period of six months, and expended about $11 for medicine and medical attendance.

The plaintiff also claimed to have shown that he was still suffering from the injury to his knee, and that the duration of his injuries was uncertain.

In the complaint it is alleged that "the plaintiff has suffered much physical and mental pain, is troubled by a severe twitching of the muscles in the injured leg where said dog bit him, his knee is still swollen and very painful, and he has been obliged to expend fifty dollars for medicines and physician's services and has been incapacitated for all labor up to and at the time of this suit, and has suffered a permanent injury."

No evidence of damage to the plaintiff through the loss of time depending upon his peculiar circumstances was admitted by the court.

The first reason of appeal is that the court erred in charging the jury as set forth in the finding. .Such an

assignment does not comply with the requirements of the statute.   General Statutes § 798.   Assignments of error should be specific.   It is not enough to state that the trial court erred in charging the jury as set forth in the finding.   *Hull* v. *Thoms,* 82 Conn. 647, 649, 74 Atl. 925.

Complaint is made in the second assignment of error that the court mistook the law in instructing the jury that "if the plaintiff has been incapacitated from carrying on his business, his usual ordinary occupation, why, you should take that into consideration; that is, up to the present time."   It is insisted in argument that as no special damages had been alleged in the complaint, these instructions were improper.

When a person alleges and proves that he has been injured in his person, the law implies that damages result from such injury, and he may recover such damages as necessarily and directly result therefrom, under a general allegation in the complaint that damages have been sustained by him by reason of the injury.   *Smith* v. *Whittlesey,* 79 Conn. 189, 191, 63 Atl. 1085.   If he seeks to recover damages other than such as necessarily and immediately follow from the injury, he must allege such damages and prove them.   The rule upon this subject is fully stated in Greenleaf on Evidence (16th Ed., Vol. 2, § 254) as follows: "All damages must be *the result* of the injury complained of; whether it consists in the withholding of a legal right, or the breach of a duty legally due to the plaintiff.   Those which *necessarily* result are termed *general damages,* being shown under the *ad damnum,* or general allegation of damages, at the end of the declaration; for the defendant must be presumed to be aware of the necessary consequences of his conduct, and therefore cannot be taken by surprise in the proof of them.   Some damages are always presumed to follow from the violation of any right or duty implied by law;

and therefore the law will in such cases award *nominal* damages, if none greater are proved. But where the damages, though the *natural* consequences of the act complained of, are not the necessary result of it, they are termed *special damages;* which the law does not imply; and therefore, in order to prevent a surprise upon the defendant, they must be particularly specified in the declaration, or the plaintiff will not be permitted to give evidence of them at the trial." *Tomlinson* v. *Derby,* 43 Conn. 562, 565.

The plaintiff alleges in his complaint, among other things, that he was attacked by the defendant's dog, which bit him in several places upon his leg, threw him from his bicycle, and that in consequence thereof he has been incapacitated for all labor up to the time of the suit and that he has suffered a permanent injury. There was no necessity of alleging that the plaintiff "has been incapacitated from carrying on his business, his usual ordinary occupation." Any person of ordinary discernment would expect this from the injuries complained of. None of these things come within the definition of special damages, which, as we have seen, must be something which the law does not presume to have been the necessary and direct result of the injury complained of.

Inability to follow one's ordinary vocation consequent upon an injury inflicted, may be proved to characterize the extent of such injury. It is only when damage is claimed for special consequences which must depend on the peculiar circumstances of the plaintiff at the time and previous to the injury, as that he was actually engaged in some special business yielding a pecuniary profit, that such special consequences are a special damage which must be stated with particularity. *Smith* v. *Whittlesey,* 79 Conn. 189, 191, 63 Atl. 1085.

The defendant has no reason to complain because the court stated to the jury that they could take into con-

sideration the plaintiff's incapacity to carry on his ordinary business up to the date of the trial.

In an action for a single act of trespass or tort, the jury may give damages arising not only before the action was brought, but afterward down to the time when, as appears from the evidence, the disability may reasonably be expected to cease.

A judgment in a suit founded on a single act of tort will be a bar to a second suit for the same injury, although harmful consequences may have appeared subsequent to the first suit. It will be held that in the first suit the plaintiff recovered all he was entitled to claim. *Gulliver* v. *Fowler*, 64 Conn. 556, 563, 30 Atl. 852; *Burritt* v. *Belfy*, 47 Conn. 323, 325. But, where there is a repetition or continuation of the trespass, then a new action will lie. *Phelps* v. *New Haven & N. Co.*, 43 Conn. 453.

There is no error.

In this opinion the other judges concurred.