## WACTAW MATYSEWSKI *vs.* ARTHUR G. WHEELER.

Second Judicial District, Norwich, April Term, 1922.

WHEELER, C. J., BEACH, CURTIS, BURPEE and HAINES, Js.

A complaint in an action to recover damages for personal injuries, alleged that as a result thereof the plaintiff was obliged to have hospital treatment and medical attention, for which he had spent and must continue to spend large sums of money. *Held* that this was sufficient to apprise the defendant of the plaintiff's financial loss, and justified the admission of evidence to prove the items and amounts of the expenditure; and that if the defendant regarded this averment as too general he should have moved to have it made more specific before pleading a general denial.

A charge which instructs the jury that the plaintiff can recover only upon proof of the allegations of his complaint alleging a collision with the defendant's wagon, necessarily excludes a recovery if the jury should find that his injury was caused in some other way, as claimed by the defendant; and therefore the defendant's contention, that the charge assumed as a fact the plaintiff's version of the accident, is without foundation.

Submitted on briefs April 25th—decided July 14th, 1922.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in New London County and tried to the jury before *Hinman, J.;* verdict and judgment for the plaintiff for $800, and appeal by the defendant. *No error.*

*Hadlai A. Hull, Frank L. McGuire* and *Charles Hadlai Hull,* for the appellant (defendant).

*Benjamin H. Hewitt* and *Warren B. Burrows,* for the appellee (plaintiff).

HAINES, J. The defendant pursues the first eight of his ten grounds of appeal, assigned in the record,

and waives the ninth and tenth. The first three relate
to the claimed improper reception of evidence as to
the plaintiff's medical and hospital bills, and the re-
maining five to alleged failures to charge the jury on
certain points and to errors in the charge as made.

The evidence which the plaintiff offered and the
court admitted over the objection of the defendant, as
covered by the first three assignments of error, was to
the effect that the plaintiff, as a result of the in-
juries complained of, had incurred a hospital bill of
$148.50, of which all but $10 was still due. The con-
tention of the defendant was, that under the allegations
of the complaint the evidence was not admissible to
show this as one of the elements of the plaintiff's
damages.

After giving a general description of the injuries
which the plaintiff claimed to have suffered by being
thrown from his motorcycle, the following appears in
paragraph three of the complaint: " . . . and as · a
result of said injuries to the plaintiff's person he was
obliged to have hospital treatment and medical atten-
tion and to spend large sums of money for such treat-
ment and attention and for a long time to come will be
obliged to spend large sums for such treatment and
attention." In contending that this language of the
complaint does not permit the introduction of the
evidence in question, the appellant relies upon *Smith* v.
*Whittlesey*, 79 Conn. 189, 63 Atl. 1085.

The rule as to allegation and proof of damages, in
cases of this character, was laid down by Judge Swift
in *Parmalee* v. *Baldwin*, 1 Conn. 313, 317, and this is
cited with approval in *Smith* v. *Whittlesey*, the court
adding: "We have uniformly enforced this technical
rule of pleading as well since as before the adoption of
the Practice Act." The rule is: "In actions for torts,
where the law necessarily implies that the plaintiff

has sustained damage by the act complained of, it is not necessary to make an allegation of special damages in the declaration; but where the law does not necessarily imply such damage, it is essential to the validity of the declaration that the resulting damages shall be stated with particularity." The obvious purpose of this familiar rule is to give the defendant fair notice of the damage the plaintiff will claim. Where the results of an injury are natural and necessary, they are implied by law, and the law conclusively charges the defendant with notice of them without any specific reference to them in the complaint; but where they are special and peculiar to the case in hand, the defendant cannot know what they are unless they are set out in the complaint. *Farrington* v. *Cheponis*, 82 Conn. 258, 261, 73 Atl. 139.

The language used in the case at bar distinctly apprises the defendant that the plaintiff has suffered a financial loss by reason of medical and hospital bills. Any criticism of the language used on the ground that it is too general, would have been more properly put forward by a motion to make more specific, before the defendant pleaded a general denial of the allegations of the complaint. The fact and the character of the damage claimed is clear, and the items and amounts could doubtless have been made specific by a timely motion for that purpose. As the matter stood at the time of trial, the evidence was properly admitted.

The complaint alleges the cause of the injury to have been a collision between the motorcycle of the plaintiff and the wagon of the defendant. The answer is a general denial, and the defendant's contention, that the injury was caused by the striking of a stone culvert by the plaintiff's motorcycle, was an oral claim made by the defendant upon the trial and was not an issue raised by the pleadings. It is this phase of the

case which forms the basis of the remaining assignments of error.

The view of the defendant seems to be that the court was bound to make specific reference to his oral claim of fact as to the cause of the injury, and charge the jury that the plaintiff could only recover if the injury was caused by a collision with the defendant's wagon, and could not recover if it was caused by striking a stone culvert or in some other way. But if the jury were given to understand that recovery could only be had upon the allegations of the complaint, this necessarily excluded a recovery for injury caused by some other means or in some other way. As already suggested, the defendant's claim as to the way the injury occurred, is not made in the pleadings. The court, in the opening portion of the charge, distinctly told the jury that it was essential to keep in mind the issues raised by the pleadings. The court then proceeded to call attention specifically to the claim of a collision as set up in the complaint and denied by the answer, and the jury were instructed that it was incumbent upon the plaintiff to prove the essential allegations of the complaint. The jury could not have failed to understand from this, that this was the issue of fact under the pleadings, and that proof of striking a stone culvert or of any other cause of injury was expressly excluded as a basis of recovery. Later on in the charge the court again calls the attention of the jury to the issue of fact framed by the pleadings, as to whether a collision occurred between the motorcycle of the plaintiff and the team of the defendant, and concludes: "Now, if you find by a fair preponderance of the evidence that the plaintiff was at the time of the injury in the exercise of due care as I have defined to you that term, and that the defendant's driver was not in the exercise of due care as I have also defined it, in one or

more of the respects alleged in the complaint, that such negligence on the part of the driver, if you find it, approximately caused the collision between the defendant's wagon and the motorcycle of the plaintiff, and that such negligence and such collision was the proximate cause producing the injury to the plaintiff, your verdict should be for the plaintiff." The appellant contends that the court, in those portions of the charge cited in paragraphs 6, 7 and 8 of the appeal, "assumed that there was an actual collision between the defendant's wagon and the plaintiff's motorcycle, and that the defendant's wagon did run into and upon the plaintiff and his motorcycle." We think, on the contrary, that the language used by the court, clearly assumes that the jury will require the plaintiff to *prove* this fact. Taken in connection with the other portions of the charge, we think the jury could not well have understood otherwise. Reduced to its lowest terms, the contest as to the fact of the happening was whether there was or was not a collision, and we think the charge made it clear to the jury, that the plaintiff could only recover upon proof of the affirmative of this contention. Again, when the defendant's counsel, at the close of the court's remarks to the jury, raised the point as to the necessity that the plaintiff prove a collision, the court said to the jury that he thought he made that clear, and added that the plaintiff must prove that the acts of negligence set out in the complaint "must have proximately caused a collision between the vehicle of the plaintiff and the wagon of the defendant." This portion of the appeal is apparently based upon the theory, as exhibited in the appellant's brief, that the jury may have found as a fact that the injury was caused by striking the stone culvert, or in some other way than by collision with the defendant's wagon, and that the charge did not clearly

guard the jury against giving the plaintiff a verdict under such circumstances. We do not think that supposition finds any warrant in the record. The portions of the charge to which we have referred, and the charge as a whole, correctly state the law and adequately guard the jury against giving a plaintiff's verdict on such a finding of fact.

There is no error.

In this opinion the other judges concurred.