## STANLEY A. GERVAIS *v.* DOUGLAS F. FOEHRENBACH ET AL.

BALDWIN, C. J., MURPHY, SHEA, SHAPIRO and KLAU, Js.

Argued March 9—decided April 24, 1962

*James N. Egan,* with whom, on the brief, was *Armand A. Korzenik,* for the appellants (defendants).

*John A. Spector,* for the appellee (plaintiff).

BALDWIN, C. J.   The defendants have appealed from a judgment rendered on a jury's verdict. Error is claimed in rulings on evidence, in the finding, and in the denial of a motion to set aside the verdict because it is not supported by the evidence and is excessive, and because there was a variance between the complaint and the proof.

The finding is adequate to present the rulings on evidence which are claimed to be erroneous. Such rulings in a jury case are properly reviewed in the light of the claims of proof in the finding. *Szela* v. *Johnson Motor Lines, Inc.,* 145 Conn. 714, 719, 146 A.2d 910.   The plaintiff's claims of proof can be stated in brief as follows:   The plaintiff, nineteen years of age, was home on leave from service with the United States air force. In the company of two young women and a young man, he had been to a drive-in theater in an automobile owned by his mother and driven by him.   On the way home, his party encountered the two defendants, who were in an automobile owned and driven by the defendant Foehrenbach.   The defendants pursued and repeatedly bumped the plaintiff's automobile from behind and finally brought it to a stop.   The defendants then got out of their car, and without provocation the defendant Eden C. Cook deliberately assaulted and beat the plaintiff, while Foehrenbach attacked the young man accompanying the plaintiff.   The plaintiff sustained serious injuries from the beating administered by Cook.

The defendants claim error in that the court permitted the plaintiff, on the cross-examination of Foehrenbach, to question him concerning a call he made at the plaintiff's home, at which time he expressed himself as being sorry for the incident. The defendants objected on the ground that any offer of negotiation or compromise was inadmissible. The evidence was claimed as an admission. It was contrary to the position taken by Foehrenbach at the trial and was clearly an admission. In view of the objection made, the court committed no error in allowing the evidence. *Santossio* v. *D'Addario,* 143 Conn. 563, 566, 123 A.2d 870.

The defendants produced as their witness, pursuant to a stipulation between the parties, a physician who had examined the plaintiff in their behalf. He testified concerning the reasonable cost of medical and surgical attention given to the plaintiff in a hospital maintained by the United States air force at a base where the plaintiff was in military service following his injury. In rebuttal, the plaintiff called this doctor as his own witness to testify as to the effects and permanency of the plaintiff's injuries. The defendants objected, claiming that the plaintiff was violating the stipulation by offering the doctor's testimony. Witnesses belong to no particular party in any cause. They may be produced by one or the other, but in the final analysis they are called to give testimony for the purpose of a full and complete hearing of the case. The ruling allowing the testimony in question was within the discretion of the trial court. See *Reboni* v. *Case Bros., Inc.,* 137 Conn. 501, 508, 78 A.2d 887; *Salinardi* v. *State,* 124 Conn. 670, 673, 2 A.2d 212.

There is no merit in the claim of Foehrenbach that Cook alone, and not he, was responsible for the

plaintiff's injuries. Foehrenbach operated his automobile, with Cook as a passenger, in pursuit of the plaintiff's automobile, forced it to stop, and then, acting in concert with Cook, assaulted its male occupants. According to the plaintiff's claims of proof, Foehrenbach and Cook were joint tortfeasors, and the jury could properly return a verdict against both. *McGann* v. *Allen,* 105 Conn. 177, 185, 134 A. 810; Restatement, 4 Torts § 876 (c).

The claim that the verdict was excessive requires no extended discussion. There was evidence from which the jury could find that the plaintiff suffered a dislocated shoulder which caused him severe pain and ultimately required hospitalization and surgery. There was also evidence that he had a life expectancy of forty-eight years and that he sustained a permanent loss of 15 to 20 percent of the use of his left arm, with a prognosis of chronic pain in that member. The verdict of $10,000 is not so clearly and palpably excessive that we can say the court erred in refusing to set it aside. *Tarzia* v. *Koopman,* 147 Conn. 540, 545, 163 A.2d 320; *Sheiman* v. *Sheiman,* 143 Conn. 222, 223, 121 A.2d 285. We also consider in this connection the defendants' claim of a variance between the plaintiff's pleading and his proof. The complaint contained no specific allegation of pain and suffering or that the injury aggravated a preexisting condition. Pain and suffering, the obvious consequences of a serious injury, are elements of damage and need not be specially alleged. *Baldwin* v. *Robertson,* 118 Conn. 431, 435, 172 A. 859, and cases cited; *Matysewski* v. *Wheeler,* 97 Conn. 593, 594, 117 A. 545. The defendants moved for, and the court granted, an order for disclosure of information concerning the history and treatment of the plaintiff's injury. Included in the disclosure

made by the plaintiff was a statement that the plaintiff had dislocated his shoulder on an earlier occasion and that it had been reduced without hospitalization or an operation. Since the defendants were sufficiently apprised of the plaintiff's physical condition, they cannot claim surprise. *Varley* v. *Motyl,* 139 Conn. 128, 135, 90 A.2d 869. It is true that answers to interrogatories cannot take the place of a more specific statement in a pleading. In the instant case, however, the plaintiff alleged that his shoulder had been dislocated by the assault. He claimed to have proved that, although his shoulder had been dislocated before, his arm had normal strength prior to the assault and caused him no trouble. He sought a recovery as for an original injury, and the matter of aggravation was imported into the case by the defendants.

There is no error.

In this opinion the other judges concurred.