[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR RECONSIDERATION
During much of the five-and-a-half years that this medical malpractice action has been pending, certain of the parties, including the plaintiff, have been embroiled in a proverbial "cat and mouse game"[1] with respect to "producing" themselves or their expert witnesses for depositions. The plaintiff has refused to "produce" her expert witnesses for depositions until the defendants produced themselves and their "fact witnesses" for depositions. The court, therefore, granted the motion of the defendant Michaels precluding the plaintiff from adducing evidence at trial from those experts. The plaintiff has moved for CT Page 3337 reconsideration of that order.
There is no express authorization in the Practice Book — neither in Practice Book § 231[2] nor in Fed.R.Civ.Proc. Rule 37 on which it is based — for precluding a non-corporate party's calling a witness at trial where that party has not affirmatively prevented the taking of that deposition. Generally, such a party has no affirmative duty to "produce" a witness other than herself. Expert medical "[w]itnesses belong to no particular party in any cause. They may be produced by one or the other, but in the final analysis they are called to give testimony for the purpose of a full and complete hearing of the case." Gervais v. Foehrenbach, 149 Conn. 461,463, 181 A.2d 253 (1962); see State v. Graham, 200 Conn. 9,17, 509 A.2d 493 (1986).[3]
"A party in a civil action is permitted by our rules to take the testimony of any person, whether or not a party, by deposition. Practice Book, 1978, § 243. . . ." ChryslerCredit Corporation v. Fairfield Chrysler-Plymouth, Inc.,180 Conn. 223, 227, 429 A.2d 478 (1980). "The attendance of witnesses may be compelled by subpoena as provided in Sec. 245[4]." Practice Book § 243. "A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. Such notice shall not be filed with the court, but shall be served upon each party or his attorney by personal or abode service or by registered or certified mail. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify him or the particular class or group to which he belongs. If a subpoena duces tecum is to be served on the person to be examined, the designation of the materials to be produced as set forth in the subpoena shall be attached to or included in the notice." Practice Book § 244 (a). "The notice to a party deponent may be accompanied by a request made in compliance with Sec. 226 for the production of documents and tangible things at the taking of the deposition. The procedure of Sec. 226 shall apply to the request." Practice Book § 244(f).
If any party is desirous of taking the deposition of any witness, he may, in the absence of a protective order, simply do so, subpoenaing a non-party witness if necessary. Neither an order of the court, the permission of an adverse party nor the CT Page 3338 "production" of that witness by an adverse party is required. For this reason, the motion for reconsideration is granted and the order granting the motion to preclude is vacated.