CHARLES DeMARTIN *v.* YALE-NEW HAVEN HOSPITAL ET AL.
(2918)

DUPONT, C.P.J., HULL and BORDEN, Js.

Argued April 2—decision released July 2, 1985

*David M. Reilly,* with whom, on the brief, was *Anthony J. Lasala,* for the appellant (plaintiff).

*Edward M. Sheehy,* for the appellees (defendants).

BORDEN, J. This is a medical malpractice action brought by the plaintiff against a physician, Richard Babayan, and against Yale-New Haven Hospital (Yale-

New Haven) as his employer. The plaintiff appeals from the judgment rendered upon a jury verdict for the defendants. We find error.

Babayan, who was employed by Yale-New Haven as an assistant surgical resident on the house staff, treated the plaintiff in the emergency room of Yale-New Haven for a lacerated forearm suffered when he fell through a screen door with a glass window. The treatment included, in general terms, irrigating, probing, suturing and resuturing the wound. After leaving the emergency room, the plaintiff saw another physician, who referred him to Marvin Arons, a plastic surgeon, who recommended surgery. During that subsequent surgery, at another hospital, Arons discovered that the plaintiff's radial nerve was severed, requiring a nerve graft from his leg.

I

The plaintiff's first, and most serious, claim arises out of a preliminary, sua sponte ruling of the trial court at the commencement of the trial. That ruling improperly and harmfully limited the plaintiff's proof even before he had offered it, and prevented him from proving some of the allegations of his complaint. An understanding of this issue requires some discussion of the plaintiff's allegations of negligence, and of the unusual procedure by which the court dealt with them.

Among the allegations were the following: The plaintiff suffered severance of the radial nerve either when he lacerated his arm or while Babayan was probing the wounded area of the nerve. Babayan was negligent in resuturing the laceration without discovering the severed condition of the nerve, in failing to make a reasonable examination or in failing to discover and repair the severed nerve in a reasonable and a timely manner. Babayan failed to conform to the standard of care to be followed in the treatment of wounds of this

nature. He failed to recognize prior to suturing that the nerve was severed and failed to make a reasonable examination following normal standards of care and treatment in such cases, so as not to miss the diagnosis of a lacerated radial nerve. The lacerated nerve should have been apparent on a professional examination and, in the exercise of reasonable care, should have been diagnosed prior to the suturing. The failure to diagnose the lacerated nerve was caused by Babayan's failure to exercise reasonable care and to conform to the standard of care required by his professional undertaking.

The defendants did not file any requests to revise these allegations. When the case was reached for trial, the court held a conference with the attorneys, at which it requested from them, on an informal basis, copies of their proposed requests to charge in the case. The plaintiff supplied the court with a number of such proposed requests.[1] The defendants did not.

Upon review of these proposed requests the court, sua sponte, made several oral "rulings" from the bench. Among these were that, on the basis of the plaintiff's proposed requests, he would not be permitted to prove that Babayan was negligent in failing to obtain a consultation with another physician or to prove that Babayan negligently severed the plaintiff's nerve, because such proof would be beyond the allegations of the complaint. When the plaintiff protested that pleadings must be construed favorably to the pleader, and that if the defendants thought that the complaint was too imprecise they could have requested its revision, the court responded: "I think products cases and malpractice cases are quite different and should be approached and treated differently by the bar. And I feel that because there are cases that are essentially

---

[1] The plaintiff supplied his proposed requests only to the court, and not to opposing counsel, which was the procedure contemplated by the court.

technical in nature that there has to be evolved from the management of the case as it moves along, a certain flavor and a certain climate. And I don't think it is fair at this time to expand the claims to the extent that I reacted to your Request To Charge."

This procedure employed by the trial court resulted in prejudice to the plaintiff's case. The conference attended by counsel was not a pretrial session within the contemplation of Practice Book § 265. Such a pretrial proceeding, if properly noticed, can result in "[s]implification of the issues" and "[a]mendments to pleadings"; Practice Book § 265 (b) and (c); in which case the judge conducting the pretrial shall, in the attorneys' presence, make and sign a complete and specific pretrial memorandum. Practice Book § 267.

The plaintiff had, prior to trial, simply complied with the request of the court to supply it with his *proposed* requests to charge long in advance of the point at which he was obligated to file them under Practice Book § 317. Indeed, while such an informal procedure can often be helpful to the court and can be time saving as well, a party should not be bound in advance thereby to the extent that the court bound the plaintiff here, because a party's ultimate requests to charge will inevitably be shaped by the nature of the evidence produced during the trial. The court in effect transformed this informal procedure into a ruling on a nonexistent request to revise and a ruling on evidence which had not yet been offered and as to which no objection had yet been made.

In doing so, the court read the plaintiff's complaint more narrowly than was warranted. The modern trend is to read pleadings broadly and realistically, rather than narrowly and technically. *Fuessenich* v. *DiNardo,* 195 Conn. 144, 150–51, 487 A.2d 514 (1985); *Schenck* v. *Pelkey,* 176 Conn. 245, 255, 405 A.2d 665 (1978);

*Buckley* v. *Lovallo,* 2 Conn. App. 579, 587, 481 A.2d 1286 (1984). We are unaware of any doctrine which alters our rules of pleading in product liability and malpractice cases.

The plaintiff had alleged that his nerve was severed either when he lacerated his arm or while Babayan was probing his wound. His further allegations included several general claims of malpractice: failure to make a reasonable examination; failure to repair in a reasonable manner; failure to conform to the required standard of care in the treatment of wounds of this nature; and failure to diagnose the larcerated nerve prior to suturing in violation of the standard of care. Read fairly, broadly and realistically, these allegations were clearly sufficient to support proof of a failure to obtain a consultation and of a negligent severance of the nerve. See *Mezzi* v. *Taylor,* 99 Conn. 1, 9, 120 A. 871 (1923); *Jordan* v. *Apter,* 93 Conn. 302, 304, 105 A. 620 (1919).

The trial court then implemented its earlier ruling by sustaining an objection to evidence offered by the plaintiff. Arons was testifying for the plaintiff. He was asked whether, given the amount of medical training of Babayan, who had graduated from medical school five months before treating the plaintiff, "consultation should have been sought by the doctor in the emergency room for the purposes of finding out whether or not there is injury to the superficial nerve?" The court sustained the defendant's objection on the ground that the information sought to be elicited was beyond the allegations of the complaint. The plaintiff excepted. This ruling was erroneous because, as we have noted, proof of Babayan's failure to obtain a consultation was within the plaintiff's allegations.

## II

The court also erred in refusing to permit the plaintiff to call Arons as a rebuttal witness. George Terranova, a physician who was the chairman of the department of emergency medicine at Danbury Hospital, had testified for the defendants, on the basis of a lengthy hypothetical question, that Babayan's conduct was within the standard of care. After the defendants rested, the plaintiff proposed to call Arons in rebuttal, making it quite clear that his testimony would be aimed at rebutting that of Terranova.

The court refused to permit the plaintiff to call Arons: "No. I'm not going to let Doctor Arons testify again, gentlemen. This is the oldest medical malpractice case in this judicial district. This involves an incident which occurred in nineteen seventy-five. That is eight years ago. Doctor Arons has been on the stand twice. He was on the stand one day; he was called back to finish up on another day, and I just feel that in view of the long period of time that is involved here and all things considered, I will not permit you to call him back."

Although a plaintiff's rebuttal testimony is ordinarily limited, within the discretion of the court, to such purposes as refuting the defendant's evidence and impeaching or rehabilitating witnesses; *State* v. *Peary*, 176 Conn. 170, 174–75, 405 A.2d 626 (1978), cert. denied, 441 U.S. 966, 99 S. Ct. 2417, 60 L. Ed. 2d 1072 (1979); *Reboni* v. *Case Bros., Inc.*, 137 Conn. 501, 508, 78 A.2d 887 (1951); *DiMaio* v. *Panico*, 115 Conn. 295, 298, 161 A. 238 (1932); Tait & LaPlante, Handbook of Conn. Evidence § 3.2; Holden & Daly, Connecticut Evidence § 11; we are unaware of any authority which permits the court to bar in advance the plaintiff from even bringing the rebuttal witness to the stand in order to

offer the evidence. See *Gervais* v. *Foehrenbach,* 149 Conn. 461, 463, 181 A.2d 253 (1962). The proper procedure is to rule on the admissibility of the rebuttal testimony offered, not on the inadmissibility of the rebuttal witness because of the age of the case.

These two errors are dispositive of the appeal. We have reviewed the other claims of the plaintiff. It is not clear that the rulings at which they are aimed will recur on a new trial. Therefore, it is not necessary to discuss them.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.