## Michael Katz et al. *v.* Clement Passariello et al.
### (4972)

Spallone, Bieluch and Stoughton, Js.

Argued October 13—decision released November 24, 1987

*John A. Keyes,* for the appellants (plaintiffs).

*Patrick M. Noonan,* with whom, on the brief, was *Thomas J. Flanagan,* for the appellees (defendants).

Stoughton, J. The plaintiffs appeal from a judgment of the trial court in favor of the defendants. The plaintiffs claim that the court erred (1) in excluding the testimony of direct and rebuttal witnesses, (2) in finding there was insufficient evidence that the named defendant breached a noncompetition agreement, and (3) in finding there was insufficient evidence that the defendants tortiously interfered with the contractual rights of the plaintiffs. We find error.

The underlying facts are not in dispute. The plaintiffs, Michael Katz and Gerald Mastrangelo, entered into a contract on July 30, 1982, with the named defendant, Clement Passariello, for the purchase of his one-third stock interest in World Gym East, Inc. (WGE). The contract required an initial payment of $35,000 on July 30, 1982, and $15,000 in installments to be paid over the following year. The named defendant agreed that upon final payment he would resign as president of WGE and would not engage in the gym business within a fifteen mile radius of WGE's location for a five year period. The plaintiffs accelerated the installment payments, making final payment on November 5, 1983, at which time Clement Passariello resigned as president. Subsequently, a gymnasium, Passariello-Quest Athletic Facility, Inc. (Quest), was opened in the name of the defendant Georgianna Passariello, Clement Passariello's wife, within fifteen miles of WGE. Georgianna did not sign the contract containing the noncompetition covenant.

The principal factual question in dispute at trial was whether Georgianna or her husband managed Quest. After hearing the testimony, the court found that the defendant Clement Passariello was not the manager of Quest and that he was not engaging in the gym business in violation of his noncompetition agreement. Judgment was rendered for the defendants on all counts.

The plaintiffs' principal claim of error is that the trial court erred in excluding the testimony of two of their witnesses whose names were not disclosed prior to trial. The record indicates that the defendants attempted to obtain the names of the plaintiffs' witnesses through interrogatories pursuant to Practice Book § 222. The plaintiffs agreed, without a court order, to provide the names of their witnesses in lieu of complying with dis-

covery. A list of eighteen witnesses was provided, the majority of whom the defendants deposed.

The plaintiffs' first claim is that the trial court erred in excluding the direct testimony of detective Ted Forbes. We agree with this claim.

Six months after the trial began,[1] the plaintiffs called Forbes to give direct testimony. After an offer of proof, the court sustained the defendants' objection to Forbes' testimony because the plaintiffs had failed to comply with the pretrial agreement for disclosure of witnesses.

The parties reached an informal oral agreement which required that the plaintiffs provide the defendants with the names of their witnesses ahead of time. Both parties concede that the agreement was ambiguous. The defendants contend that the agreement required disclosure before trial. By contrast, the plaintiffs contend that as long as they disclosed the identity of a witness before the witness was called to testify, they would be in compliance with the agreement.

The purpose for requiring a written stipulation; Practice Book § 249;[2] is to avoid the kind of uncertainty created by informal agreements. We find no authority for upholding the court's enforcement of the parties' informal agreement in this case. If the courts were required to interpret such agreements they would soon

---

[1] After several days of testimony, there was a lapse in the proceedings for six months. On the Friday before resuming, the plaintiffs called the defendants to inform them that they intended to call Forbes as a witness on Monday. The court concluded that Forbes' testimony was inadmissible because his name did not appear on the plaintiffs' original witness list.

[2] "[Practice Book] Sec. 249. STIPULATIONS REGARDING DISCOVERY AND DEPOSITION PROCEDURE

"Unless the court orders otherwise, the parties may by written stipulation (1) provide that depositions may be taken before any person, at any time or place, upon any notice, and in any manner, and when so taken may be used as other depositions, and (2) modify the procedures provided by this chapter for other methods of discovery."

be engulfed in a quagmire of collateral issues, impeding rather than furthering the objectives of discovery.

The plaintiffs also claim that the court erred in excluding the rebuttal testimony of Jody Grigier. We agree with this claim.

Grigier was referred to by name several times during the testimony of the defendant Georgianna Passariello. Grigier was also mentioned in the testimony of several other witnesses. When the plaintiffs called Grigier to rebut the earlier testimony, the court refused to hear her testimony because her name did not appear on the witness list.

"Although a plaintiff's rebuttal testimony is ordinarily limited, within the discretion of the court, to such purposes as refuting the defendant's evidence and impeaching or rehabilitating witnesses; *State* v. *Peary,* 176 Conn. 170, 174–75, 405 A.2d 626 (1978), cert. denied, 441 U.S. 966, 99 S. Ct. 2417, 60 L. Ed. 2d.1072 (1979); *Reboni* v. *Case Bros., Inc.,* 137 Conn. 501, 508, 78 A.2d 887 (1951); *DiMaio* v. *Panico,* 115 Conn. 295, 298, 161 A. 238 (1932); Tait & LaPlante, Handbook of Conn. Evidence § 3.2; Holden & Daly, Connecticut Evidence § 11; we are unaware of any authority which permits the court to bar in advance the plaintiff from even bringing the rebuttal witness to the stand in order to offer the evidence. See *Gervais* v. *Foehrenbach,* 149 Conn. 461, 463, 181 A.2d 253 (1962)." *DeMartin* v. *Yale-New Haven Hospital,* 4 Conn. App. 387, 392–93, 494 A.2d 1222 (1985). As we concluded in *DeMartin,* the proper procedure is to rule on the admissibility of the rebuttal testimony, not on whether a rebuttal witness was disclosed in pretrial discovery.

To require that a party disclose rebuttal witnesses before trial would place efficiency before logic. It is simply not possible for a litigant to anticipate all of the opposing evidence that will be elicited at trial. Thus,

no party could fully divine which testimony will require rebuttal and which will not. The court abused its discretion when it failed to consider the admissibility of the plaintiffs' rebuttal testimony.

These errors are dispositive of the appeal. The plaintiffs' other claims of error raise evidentiary questions which we cannot reach because further evidence must be heard by the court.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.