******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ZARELLA, J., with whom ROGERS, C. J., joins, concurring in part and dissenting in part. I agree with parts I and II A of the majority opinion. I respectfully disagree, however, with the majority's decision in part II B of the opinion not to reach and decide the defendant's statutory claim. The majority concludes that the plaintiff did not assert an independent claim under General Statutes § 52-146o because that claim is contained in counts two and four of the amended complaint alleging negligence and negligent infliction of emotional distress, respectively, instead of in a separate count. In my view, however, the majority indulges in an overly technical reading of counts two and four that is inconsistent with the modern view of pleading, which rejects a narrow, formalistic reading of the pleadings in favor of construing pleadings broadly and applying common sense. See, e.g., *Fuessenich* v. *DiNardo*, 195 Conn. 144, 150–51, 487 A.2d 514 (1985); *Bombero* v. *Marchionne*, 11 Conn. App. 485, 496, 528 A.2d 396 (*Borden, J.*, dissenting), cert. denied, 205 Conn. 801, 529 A.2d 719 (1987); *DeMartin* v. *Yale-New Haven Hospital*, 4 Conn. App. 387, 390, 494 A.2d 1222, cert. denied, 197 Conn. 813, 499 A.2d 62 (1985). I thus believe that counts two and four, in which one of the plaintiff's assertions is that the defendant "disclosed the medical file, without authority, in violation of . . . § 52-146o," directly allege a violation of the statute, and the fact that the allegation is not contained in a separate count is immaterial because the trial court and the parties have treated counts two and four throughout the proceedings as asserting a statutory violation. Accordingly, I believe that the statutory claim was properly raised and should have been decided by this court.

I finally emphasize that, because this court has determined that the issue of whether Connecticut's common law provides a remedy for a health care provider's breach of its duty of confidentiality in the course of complying with a subpoena has not been raised, the issue remains unresolved, which leaves the parties and the trial court to determine the most appropriate course of action as the litigation proceeds.