## STANLEY MASAYDA ET AL. *v.* RONALD PEDRONCELLI ET AL.
### (14915)

Dupont, C. J., and Foti and Spear, Js.

Submitted on briefs September 30—officially released October 22, 1996

*Robert L. Fisher* and *Eric A. Russman* filed a brief for the appellants (defendants).

*Thomas P. Byrne* filed a brief for the appellees (plaintiffs).

PER CURIAM. The defendants appeal from the judgment of the trial court granting the plaintiffs' request for a permanent injunction to enjoin the defendants from operating a trucking business and rebuilding a barn on their property in Watertown. The judgment also included an award of costs, including reasonable attorney's fees, and a civil penalty in the amount of $100 per day for a violation of a cease and desist order.

The following facts are relevant to this appeal. The plaintiffs are Stanley Masayda, the planning and zoning officer of the town of Watertown, and Mary Greene, the assistant planning and zoning officer of Watertown. The defendants, Ronald Pedroncelli and his wife, Jeanne Pedroncelli, purchased a 2.4 acre parcel of land in Watertown in 1993 and operated a trucking business at that location. The defendants also began to rebuild a barn that was situated on the parcel.

After conducting a site visit on October 29, 1993, Greene, on November 16, 1993, served the defendants with an order to cease and desist both the operation of their trucking business and the rebuilding of the barn. Although the land is zoned restricted industrial IR 80, the order alleged that the defendants' operation of the trucking business violated § 2.1 of the Watertown zoning regulations, which forbids a change in the use of land or buildings until a certificate of zoning compliance is issued by the zoning enforcement officer. The defendants had not applied for a certificate of zoning compliance. Greene identified herself in the cease and desist order as the "Assistant Planning and Zoning Officer."[1]

---

[1] Section 72.1 of the Watertown zoning regulations provides: "Zoning Enforcement Officer. The Commission shall appoint a Zoning Enforcement

It is undisputed that the defendants did not appeal the decision of Greene to the zoning board of appeals in accordance with General Statutes § 8-6 (a) (1).[2] Rather, after the plaintiffs filed a complaint seeking the permanent injunction, civil penalties and attorney's fees, the defendants claimed in the trial court that Greene was without authority to issue the cease and desist order. The trial court determined that the defendants should have challenged the validity of the cease and desist order before the zoning board of appeals pursuant to the provisions of § 8-6 (a) (1). It concluded that the defendants were not permitted to contest the validity of the order in an action where the zoning officials sought its enforcement.[3]

On appeal, the defendants claim that the trial court improperly determined that (1) Greene was a de facto planning and zoning officer,[4] and (2) they could not contest the validity of the cease and desist order because they failed to exhaust their administrative remedies. We disagree and affirm the judgment of the trial court.

The defendants' second claim is dispositive of this appeal. The defendants assert that the trial court is

Officer who shall have the responsibility and authority to enforce the provisions of these Regulations in accordance with any administrative rules and procedures established by the Commission. The Commission may appoint [a] Deputy Zoning Enforcement Officer to assist and act for him."

[2] General Statutes § 8-6 provides in relevant part: "Powers and duties of board of appeals. (a) The zoning board of appeals shall have the following powers and duties: (1) To hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter or any bylaw, ordinance or regulation adopted under the provisions of this chapter . . . ."

[3] The trial court did, nevertheless, address the merits of the defendants' claim. See footnote 4.

[4] The trial court decided that, while there may have been a technical defect in Greene's appointment, she was a de facto planning and zoning officer pursuant to *Furtney* v. *Zoning Commission*, 159 Conn. 585, 596–97, 271 A.2d 319 (1970).

the only forum in which they could raise the issue of whether Greene had authority to issue the cease and desist order. Their reasoning is based on the discrepancy between the language of the Watertown regulations and Greene's title. The defendants argue that § 71.2.1 of the regulations provides that the board of appeals hears and decides appeals where it is alleged that there is an error in any order, requirement or decision made by the zoning enforcement officer. In addition, § 72.1[5] of the regulations provides that a "Deputy Zoning Enforcement Officer" may act for the zoning enforcement officer. Greene, however, in the cease and desist order, identified herself as the "Assistant Planning and Zoning Officer." Also, the order provided that it was issued by the "Planning and Zoning Office." The defendants reason, therefore, that because Greene's title did not identify her as a "deputy zoning enforcement officer" and the words "zoning enforcement" did not appear anywhere on the order, Greene was without legal authority to issue the order and, consequently, the board of appeals had no jurisdiction to hear an appeal of the order.

"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. . . . The exhaustion doctrine reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief . . . ." (Citations omitted; internal quotation marks omitted.) *Simko* v. *Ervin*, 234 Conn. 498, 503–504, 661 A.2d 1018 (1995); see *Loulis* v. *Parrott*, 42 Conn. App. 272, 278–79, 679 A.2d 967 (1996). Section 8-6 (a) (1) provides that zoning boards of appeal shall have the power to "hear and decide appeals where it is alleged that there is an error

[5] See footnote 1.

in any order, requirement or decision made by the official charged with the enforcement of . . . any . . . regulation adopted under the provisions of this chapter . . . ." Section 71.2.1 of the regulations provides that the board of appeals hears appeals "where it is alleged that there is an error in any order, requirement or decision made by the Zoning Enforcement Officer." When a party has a statutory right of appeal from the decision of an administrative officer or agency, he may not contest the validity of the order if zoning officials seek its enforcement in the trial court after the alleged violator has failed to appeal. *Gelinas* v. *West Hartford*, 225 Conn. 575, 595, 626 A.2d 259 (1993). This does not end our inquiry, however, because " '[e]ven in an action brought by a zoning enforcement officer to require conformity with the zoning regulations, the granting of injunctive relief, which must be compatible with the equities of the case, rests within the trial court's sound discretion. . . . Those equities should take into account the gravity and wilfulness of the violation, as well as potential harm to the defendants. . . .' " (Citations omitted.) Id., 595–96, quoting *Johnson* v. *Murzyn*, 1 Conn. App. 176, 183, 469 A.2d 1227, cert. denied, 192 Conn. 802, 471 A.2d 244 (1984); see also *Dept. of Transportation* v. *Pacitti*, 43 Conn. App. 52, 57–58, 684 A.2d 707 (1996).

In determining whether the trial court abused its discretion in balancing the equities in this case, we take note of the following. As the defendant Ronald Pedroncelli testified, and as the trial court concluded, the defendants failed to respond to the order issued by the planning and zoning office. In addition, the record reveals that Greene testified that, prior to the issuance of the order, the defendants ignored several entreaties by Greene to apply for site plan approval. The defendants did not dispute this testimony. Finally, Ronald Pedroncelli testified that he had spoken to Greene when, shortly after acquiring the property, he had gone

to the town hall to apply for a permit to reconstruct the house on the land.

We conclude that the equities in this case lie with the plaintiffs. The defendants rely solely on the discrepancy between Greene's title and the regulations for their assertion that the board of appeals was without jurisdiction to hear an appeal of the order. This contention is unavailing. Clearly, as the defendants' prior experience with Greene makes clear, the defendants were aware that Greene was an "official charged with the enforcement of . . . any . . . regulation . . . ." General Statutes § 8-6 (a) (1). As a result, any appeal arising from the alleged error in the order due to Greene's legal authority should have been brought before the board of appeals. In short, the defendants chose to ignore both the order and the proper channel for appealing that order, despite notice that they were violating the Watertown regulations.

The decision to grant an injunction is discretionary and will not be reversed absent a clear abuse of discretion. *Crabtree* v. *Coyle*, 19 Conn. App. 208, 211, 561 A.2d 455 (1989). The defendants have failed to demonstrate that the trial court, in weighing the equities, abused its discretion in granting injunctive relief.

The judgment is affirmed.

