[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter is an application for a temporary injunction sought by the Killingly Zoning Enforcement Officer (ZEO), George Brown, to enforce certain zoning regulations regarding the storage and maintenance of tractors and trailers in a low density residential district (LD).
The defendants, Michael and Darlene Bunning, reside at 804 Cook Hill Road, Killingly, on property owned by Darlene. The defendants operate a trucking business. The property lies within an LD zone.
On January 3, 1996, the ZEO ordered Darlene to cease and CT Page 562-A desist operating a trucking business at 804 Cook Hill Road. The ZEO contended that the defendants' business use violated § 410.2 of the Killingly zoning regulations. Darlene appealed from that order to the Killingly Zoning Board of Appeals (ZBA). On March 22, 1996, the ZBA notified Darlene that it was upholding the ZEO's order and that she had until May 25, 1996, to eliminate the violation.
The defendants elected not to appeal from decision of the ZBA. Instead, Darlene entered into discussions with the Killingly Director of Planning and Development and the town attorney. These discussions led to an agreement on June 27, 1996. The town agreed to postpone any further enforcement action if the defendants adhered to the zoning regulations. The agreement also specified that it was "understood that the regulations permit [the defendants] to keep one tractor and one trailer which is owned and operated by an occupant of that property, but other trucks are not to be stored, washed or repaired at that location". The agreement concluded by indicating that if compliance was demonstrated until July 26, 1996, the matter would be closed.
On January 10, 1997, the ZEO commenced this action, under G.S. § 8-12, seeking fines and temporary and permanent injunctive relief On January 27, 1997, the court conducted an evidentiary hearing on the application for a temporary CT Page 562-B injunction.
The crux of the ZEO's complaint is that the defendants have kept and continue to keep nonagricultural tractors, trailers, and combinations thereof at their residence. Section 400 of the Killingly ordinance expressly prohibits any land use except for uses specifically permitted under the zoning regulations. The permitted uses in an LD district are contained in § 410.2 and exclude the operation of a trucking business. Also, § 530.6 of the regulations prohibits parking in an LD district of any tractor, trailer, or other large truck for more than eight hours.
The town construes these regulations to allow one tractor-trailer combination to park at a residence in the LD district for up to eight hours. The defendants on numerous occasions before and after the cease and desist order, the decision of the ZBA, and the agreement between the parties have parked more than on tractor on the property. Also, the tractor-trailer that Michael drives in his hauling business frequently remains parked on the property beyond the eight hours allowed.
The defendants interpret the regulations and agreement differently. They consider § 530.6 to restrict the length of time to less than eight hours but to place no limit on the number of vehicles which may be parked. Also, they construe the CT Page 562-C agreement with the town to permit them to park Michael's tractor and trailer on the property without time limits.
The court holds that the agreement merely clarifies § 530.6 of the regulations. That section clearly prohibits the parking of any tractor-trailer in excess of eight hours. Also, the defendants never appealed the ZBA decision concerning the ZEO's interpretation which determined that only one tractor-trailer combination could be parked on the premises and only if for less than eight hours. If a party forgoes an available statutory appeal of the decision of a ZBA, that party cannot at a later time contest the validity of the order in a proceeding to enforce that order or decision. Masayda v. Pedroncelli,43 Conn. App. 443, 447 (1996). The court concludes that the defendants have repeatedly and wilfully violated § 530.6 by parking more than one tractor on the premises and by keeping a tractor-trailer parked on the premises for more than eight hours at a time.
When seeking injunctive relief to enforce zoning regulations under G.S. § 8-12, a town has no obligation to prove irreparable harm or a lack of adequate remedy at law. Johnson v.Murzyn, 1 Conn. App. 176, 177 (1984). Here, the defendants have persisted in wilfully parking vehicles in contravention of the cease and desist order, the decision of the ZBA, and agreement with the town The defendants lease considerable garage space in CT Page 562-D Killingly from Roadway Express where they park and wash several other tractors and trailers. The only purpose for keeping trucks at 804 Cook Hill Road appears to be one of convenience for Michael. The only detrimental effect resulting from the issuance of the requested injunction would be that long-term parking of Michael's vehicles would have to be at a nearby garage rather than at home.
Weighing the equities involved, the court enjoins the defendants from parking or permitting others to park a total of more than one tractor-trailer combination at 804 Cook Hill Road at any time and from leaving a tractor-trailer parked on the property for longer than eight hours. To insure compliance, the court orders that the defendants will be fined $50 per day for each day of noncompliance in the future. The court dispenses with the bond requirement from the town under G.S. § 52-472.
Sferrazza, J.