[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, the town of Chaplin Planning and Zoning Commission, moves for summary judgment in this action seeking injunctive relief and civil penalties to enforce the town's zoning regulations regarding an oversized sign posted on property of the defendant, a church.
The plaintiff asserts two bases for the granting of its motion. First, the commission contends, that the failure of the defendant to appeal to the Chaplin Zoning Board of Appeals from a cease and desist order of the zoning enforcement officer (ZEO) requiring removal of the sign prevents the defendant from challenging the validity of that order in this action. Secondly, the commission claims that the sign violates the zoning regulations as a matter of law. CT Page 4909
The defendant contends that the cease and desist order was directed toward a sign which the defendant has since replaced with a sign which meets the zoning regulation because it is a bulletin board. This modification obviated the need to appeal from the cease and desist order.
The Chaplin Zoning Regulations § 8.4.A.1 prohibits the erection signs exceeding one; square foot in area in all zoning districts. An exception is made for signs which are bulletin boards on church grounds. A bulletin board sign cannot exceed sixteen square feet in area. The parties admit and agree that the sign in question contains about sixteen square feet of area. Consequently, if the sign is a bulletin board it complies with the zoning regulations, if not, it violates them.
Both parties have submitted photographs of the sign to document their respective positions on this motion. The photographs are essentially alike. The photographs reveal a rectangular sign having a dark blue background which contains the name of the church in large, white, capital letters. The sign also bears a large, white, oval emblem in which is depicted orange flames pierced by a sword. The background, name, and emblem consume well over ninety percent of the sign. Along the bottom of the sign on its right side is a small, black strip containing removable letters and numbers and communicating the day and time of worship services. This strip is less than ten percent of the area of the sign. The defendant has submitted no documentation that this strip is being or can: be used for anything but the display of the day and time of services.
I.
As to the plaintiff's first contention, it is true that the validity of a cease and desist order cannot be contested in an action by zoning officials to enforce that order if the alleged violator has failed to appeal the order administratively. Gelinas v. West Hartford,225 Conn. 575, 595 (1993); Masayda v. Pedroncelli,43 Conn. App. 443, 447 (1996). In this case, however, there exists a, genuine issue of fact, based on the affidavits submitted by the parties, as to whether the present sign is the same sign to which the cease and desist order was directed. The pastor of the church asserts that the original sign was reduced in area to comply with the sixteen square foot limitation for bulletin boards.
Thus, the defendant is not attacking the validity of the cease and CT Page 4910 desist order. The defendant contends instead that the modified sign complies with the zoning regulations. Therefore, the holdings ofGelinas and Masayda, supra, are inapplicable.
II.
Turning to the second ground for granting the motion, the decision pivots on whether the sign is a bulletin board. As noted above, the photographic evidence submitted by both sides demonstrates there is no factual controversy over the appearance of the sign. The controversy is as to what constitutes a bulletin board under the Chaplin ordinances.
Although the word "sign" is defined in § 2.2 of the zoning regulations, no definition of bulletin board is provided. Under § 8.4.A., bulletin boards are a subset of the universal set of signs but no further description is given. No Connecticut statute illuminates this issue, nor is there case law interpreting the meaning of the phrase. Indeed, Words and Phrases contains no entry for "bulletin board".
Webster's Third New International Dictionary defines "bulletin board" to mean "a board on which bulletins or other notices are posted". An expansive reading of that definition might cover the sign in question because it displays notices of future worship services. The court feels that this reading is inappropriate in the present case. Section 2.2 of the Chaplin Zoning Regulations defines "sign" to be "[a]ny device for visual communication which is used for the purpose of bringing the objects advertised to attention of the public." The broad interpretation of bulletin board noted above would make every "sign," under the zoning regulations definition, a "bulletin board". Clearly, this is not the intent of the drafters of the regulations because "bulletin boards" are specifically carved out of the category "sign" for special treatment under § 8.4.A.
The interpretation of a phrase in a municipal regulation is a question of law for the court to decide. Fennell v. Hartford,238 Conn. 809, 826 (1996). The court may utilize standard authorities in arriving at the correct interpretation of the meaning of words but may also rely upon its own judicial knowledge. Hygeia DistilledWater Co. v. Hygeia Ice Co., 70 Conn. 516, 534; Tait and LaPlante's Handbook of Connecticut Evidence § 6.2.2(h), 2nd ed. 1988. Where a phrase has no technical or peculiar definition, it should be assumed to have its ordinary or customary meaning.
For the court, the phrase "bulletin board" conjures up a vision of CT Page 4911 a board with an area available for the posting of printed material or writings pertaining to a variety of topics, which material is fastened to the board by mechanical means. The sign in question clearly lacks the attributes of having an area for the attachment of written material and variety of subject matter. Merely because the sign has a small area within which an easily changeable message may be displayed does not convert it into a bulletin board. If it did, every gas station sign which is capable of displaying fluctuating gasoline prices would be a bulletin board. The court finds that the zoning regulations never intended that result. The court holds that the sign is not a bulletin board sign and, therefore, exceeds the maximum area allowed under § 8.4.A.1.
The motion for summary judgment is granted and a hearing will be scheduled as to the remedy which ought to be implemented.
Sferazza, J.