[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action in which the Planning and Zoning Commission of the Town of Lebanon is seeking a mandatory injunction and other relief against the defendants, George W. Koch, Mary R. Koch and Dorothy Koch.
From the evidence it is found that defendants are the owners of real property known as 134 Olenick Road in the Town of Lebanon by virtue of a quit claim deed dated October 7, 1994. Defendant George W. Koch had been a resident of the property prior to that date.
The property is subject to the zoning regulations of the Town of Lebanon and is located in the rural Agricultural Residence District. The maintenance of a junkyard or the storage of unregistered or inoperable vehicles, motor vehicle parts, junk or scrap are not permitted uses in the Rural Agricultural Residence District.
Article II of the Zoning Regulations contain the following definitions:
 Junk Yard. The use of any area of any lot, whether inside or outside a building, for the storage, keeping, or abandonment of junk or scrap or discarded materials, or the dismantling, demolition or abandonment of automobiles or other vehicles or machinery or parts thereof.
 Junk. Any article or material or collection thereof which is worn out, cast off or discarded and which is ready for destruction or has been collected or stored for salvage or conversion. More than two unregistered, inoperative automobiles stored outdoors for more than six months shall be considered junk.
By letter dated July 8, 1996, the zoning enforcement agent of the Town of Lebanon notified defendants that they were in violation of § 4.2 of the Zoning Regulations. This section covers uses permitted in the Rural Agricultural Residence Zone. The letter advised defendants that a follow up inspection would be held on August 5, 1998 to "verify compliance." CT Page 4576
On August 8, 1996, the zoning enforcement agent issued a cease and desist order to defendants. The order contained the following operable language:
 You are hereby ordered forthwith to cease and desist from violating the following section of the Lebanon Zoning Regulations:
 4.2a. Permitted Uses, Zoned RA — Rural Agricultural Residence District.
 The use of RA Zoned property as a "junkyard", for the storage of "junk", or as a "refuse disposal are, dump" (as defined in section 2.2 of the regulations) are all prohibited uses.
 You are ordered to remove all inoperable and/or unregistered motor vehicles and junk from your property at 134 Olenick Road, Lebanon, CT 06249.
The cease and desist order advised defendants that failure to comply with the orders within ten days would make them subject to the provisions of General Statutes § 8-12.
Although there was no direct evidence on the subject, from the pleadings, the request for admission and the testimony, it is inferred that defendants did not appeal the cease and desist order to the Zoning Board of Appeals as they had a right to do under the provisions of General Statutes § 8-6.
"When a party has a statutory right of appeal from the decisions of an administrative officer or agency, he may not contest the validity of the order if zoning officials seek its enforcement in the trial court after the alleged violator has failed to appeal. Gelinas v. West Hartford, 225 Conn. 575, 595,626 A.2d 259 (1993). . . . (E)ven in an action brought by a zoning enforcement officer to require conformity with the zoning regulations, the gravity of injunctive relief, which must be compatible with the equities of the case, rests within the trial court's sound discretion . . . Those equities should take into account the gravity and wilfulness of the violation, as well as potential harm to the defendants." Masayola v. Pedroncell,43 Conn. App. 443, 467 (1996); Greenwich v. Kristoff, 180 Conn. 575(1980).
CT Page 4577
From the evidence it is found that on the date of trial, Monday, March 30, 1998, the property was in the same general state that it had been in for the past seven years.
A disinterested observer could readily conclude that on the date of trial defendants' property was an unsightly mess with dilapidated lawn furniture, planters, garbage barrels and old tires strewn about in front of the house. A rusty, unusable and uncovered above-ground swimming pool was in the rear of the house and an old white truck body was on the right side of the house. In front of the truck body was an unregistered rusted out blue van. On the left side of the house at the end of a paved driveway was another vehicle without a grill. This vehicle did not appear to be registered or operable. In front of the house was yet another vehicle with a "For Sale" sign on it.
A short time prior to trial, an unregistered, inoperable gray sedan had been removed from the premises and over the weekend an attempt to spruce up the property had been made.
Defendant George W. Koch would take issue with the conclusion of the disinterested observer. He denies that the premises constitute a junk yard. He admits that there are two unregistered vehicles on the premises and that the blue van is not now operable although it was two years ago. Mr. Koch testified that he has no garage and that he must use the white truck body for storage. He claims that the above-ground pool is usable although he admits that it was not used last summer and that the liner has been removed. He also claims that the lawn furniture is serviceable and in use, that the plastic containers are for his wife's plants and that the tires are, or will be used as planters. Mr. Koch also volunteered that the leaves which lie thick about the lawn furniture are compost.
The situation before the court is the all too frequently observed clash between rural property owners of modest means whose standards of neatness and concept as to how they should maintain their property are at variance with standards shared by others in the community. Personal property such as the lawn furniture might appear to be junk which should be thrown away to some but to defendants such items appear to be valuable and useful property which should be left in place year round.
Defendants' desire to use their own property as they themselves see fit and are reluctant to conform to standards CT Page 4578 forced upon by others. Within limits, however, towns may set standards for property use and to promote the general welfare by protecting health, by securing safety and by stabilizing property values. General Statutes § 8-2; Fairlawn Cemetery Assn., Inc.v. Zoning Commission, 138 Conn. 434, 441 (1952). Although defendants are content with the appearance of their property, they have been maintaining it in violation of the zoning regulations and in derogation of property values. They have not complied with the cease and desist order.
The zoning regulations cited in the cease and desist order have a rational relative to the health, welfare, safety and prosperity of the community. Where such a rational relation exists and the power is reasonably exercised, the public interest is supreme and private interest must give way. Florentine v.Darien, 142 Conn. 415, 422-23 (1955). Accordingly, an injunction compatible with the equities of the case will issue. Masayola v.Pedroncelli, supra 43 Conn. App. 447.
 ORDER
1. Defendants are permanently ordered and directed to cease maintaining a junk yard as defined by the zoning regulations at 134 Olenick Road, Lebanon.
a. The inoperable blue van is to be removed from the premises by May 30, 1998.
b. If the above-ground pool is not made ready for use by July 15, 1998, it shall be removed from the premises.
c. All tires, pots and containers not in actual use for plants shall be removed from the premises.
d. All other material now on the premises which fits under definition of junk in § 2.2 of the Zoning Regulations shall be removed from the premises by May 30, 1998. (Lawn furniture capable of actual use and the truck body used for storage are excluded from this requirement.)
2. A cash bond in the amount of $1,000 will be deposited to assure compliance.
3. A civil penalty in the amount of $250 payable to the treasurer of the Town of Lebanon is assessed against defendants pursuant to CT Page 4579 General Statutes § 8-12.
4. Attorney's fees shall not be awarded, plaintiff may recover costs.
Joseph J. Purtill Judge Trial Referee