LAWRENCE P. MCDONNELL ET AL. *v.*
PAUL FALCO ET AL.
(AC 20178)

Mihalakos, Dranginis and Daly, Js.

Argued May 4—officially released October 30, 2001

*James E. Coyne*, with whom, on the brief, was *Anthony D. Sutton*, for the appellant (named defendant).

*Hanon W. Russell*, for the appellee (named plaintiff).

*Opinion*

DRANGINIS, J. This appeal arises from an action brought by the plaintiffs[1] against the defendant Paul

[1] The plaintiffs, abutting landowners to the defendant Paul Falco, are Lawrence P. McDonnell, Bazyli Cap, Joseph Kanuch, Harry Ruzicka, Frank Pelligra and Josephine Chanaca. All of the plaintiffs except the named plaintiff withdrew from the action. We refer in this opinion to the named plaintiff, Lawrence P. McDonnell, as the plaintiff. During the pendency of this appeal, the only remaining plaintiff died. His wife, Mary Ann McDonnell,

Falco.[2] The trial court rendered judgment against the defendant on the first count of the plaintiff's complaint, which alleged, inter alia, that the defendant has been engaging in commercial activities on his property in violation of the zoning regulations of the town of Easton.[3] On appeal, the defendant claims that the trial court improperly (1) concluded that the plaintiff had not failed to exhaust his administrative remedies, (2) granted injunctive relief despite the plaintiff's failure to prove special damages, (3) found that the defendant's activities violated the town's zoning regulations and (4) denied the defendant's special defense of laches. We reverse the judgment of the trial court on the ground that because the plaintiff failed to prove special damages, the court improperly granted injunctive relief. We, therefore, need not consider whether the court properly found the defendant to be in violation of the zoning regulations or denied the defendant's special defense of laches.

The following additional facts and procedural history are necessary for our resolution of this appeal. The defendant owns property consisting of approximately 7.1 acres located at 75 Barrows Road in Easton. For twenty-five years, the defendant has been conducting occasional business operations on a portion of his wooded property. Among the business activities on the property are tree clearing, log splitting, woodchipping and the production of mulch and firewood for commercial sale. Approximately 80 percent of the defendant's raw materials come from sources outside of his property.

as a joint tenant with the right of survivorship, filed a motion to become a substituted plaintiff, which this court granted.

[2] The other defendants are Mario Garofalo, the zoning enforcement officer for the town of Easton, and William Kupinse, the first selectman for the town of Easton. All counts as to those defendants were withdrawn. We refer in this opinion to the named defendant, Paul Falco, as the defendant.

[3] The second count, which was ultimately withdrawn, was against the defendants Garofalo and Kupinse, and alleged that they had failed to enforce the zoning regulations and ordinances of the town despite complaints regarding Falco's use of his property.

The plaintiff claimed that the activities on the defendant's land were in violation of the town's zoning laws and that they were causing unacceptable levels of noise and odor. In September, 1997, the plaintiff, through his attorney, wrote a complaint letter to the town's zoning enforcement officer, listing the alleged violations and seeking a cease and desist order. Thereafter, the zoning enforcement officer investigated the complaint by inspecting the defendant's property and by questioning the defendant as to its use. The complaint letter was forwarded to the Easton planning and zoning commission (commission) on October 1, 1997. The plaintiff did not attend commission meetings held on October 6 and 27, 1997, at which the commission discussed the defendant's property and, after hearing testimony from the defendant, determined that his use was not in violation of the zoning regulations.

On February 17, 1998, the plaintiff brought a complaint seeking injunctive relief and damages. He claimed that the prohibited use caused excessive noise and odors, diminished the value of his property, and caused him to suffer emotional distress, loss of sleep and appetite, headaches and nausea. On September 22, 1999, the court found that the defendant's commercial use of his property violated the Easton zoning regulations and issued a permanent injunction. The court refused to award damages, concluding that the plaintiff failed to prove that he suffered any damages or injuries. This appeal followed.

I

The defendant first claims that the trial court improperly found that the plaintiff did not fail to exhaust his administrative remedies pursuant to General Statutes § 8-8 (b).[4] The court found that no notice of the commis-

[4] General Statutes § 8-8 (b) provides in relevant part: "Except as provided in subsections (c), (d) and (q) of this section . . . any person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located. The appeal shall be

sion's decision was ever published or in any way communicated to the plaintiff or his attorney. The court concluded that, because the plaintiff had no notice of the decision, he could not be expected to file an appeal. Specifically, the defendant argues that the underlying complaint effectively sought to overturn the commission's October 27, 1997 decision and, therefore, should have been brought to the town of Easton zoning board of appeals. The defendant argues that the commission's only notice requirement in this case under General Statutes § 1-225 of the Freedom of Information Act was satisfied by filing the agendas and minutes of its meetings. Furthermore, he argues that the plaintiff was required by General Statutes § 8-7[5] and § 9.4.1 (A) of the Easton zoning regulations[6] to appeal from the decision of the commission to the zoning board of appeals within thirty days. The plaintiff having failed to do so, the defendant claims that the plaintiff was barred from bringing this action and that the trial court lacked subject matter jurisdiction. The plaintiff, on the other hand, argues that notice was necessary pursuant to General Statutes § 8-28[7] and that, because the commission failed

---

commenced . . . within fifteen days from the date that notice of the decision was published as required by the general statutes. . . ."

[5] General Statutes § 8-7 provides in relevant part: "An appeal may be taken to the zoning board of appeals by any person aggrieved . . . and shall be taken within such time as is prescribed by a rule adopted by said board, or, if no such rule is adopted by the board, within thirty days, by filing with the zoning commission or the officer from whom the appeal has been taken and with said board a notice of appeal specifying the grounds thereof. . . ."

[6] Section 9.4.1 of the Easton zoning regulations provides in relevant part: "Subject to the limitations in Section 9.4.2 and the requirements in Section 9.4.3, the Board shall have the following powers and duties: (A) to hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by any official charged with the enforcement of these regulations. . . ."

[7] General Statutes § 8-28 provides: "Notice of all official actions or decisions of a planning commission, not limited to those relating to the approval or denial of subdivision plans, shall be published in a newspaper having a substantial circulation in the municipality within fifteen days after such action or decision. Any appeal from an action or decision of a planning commission shall be taken pursuant to the provisions of section 8-8."

to comply with that section, the plaintiff was not on notice and cannot be deemed to have failed to exhaust his administrative remedies.

"Because the exhaustion [of administrative remedies] doctrine implicates subject matter jurisdiction, [the court] must decide as a threshold matter whether that doctrine requires dismissal of the [plaintiff's] claim. . . . We first note that, because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Citation omitted; internal quotation marks omitted.) *Hyllen-Davey* v. *Plan & Zoning Commission*, 57 Conn. App. 589, 592, 749 A.2d 682, cert. denied, 253 Conn. 926, 754 A.2d 796 (2000).

"The two part rationale for the exhaustion doctrine is: (1) to effectuate the legislative intent that the issue in question be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment . . . and (2) to relieve courts of the burden of prematurely deciding questions that may be resolved satisfactorily through the administrative process. . . .

"It is also beyond dispute, however, that [t]he right of appeal, if it is to have any value, must necessarily contemplate that the person who is to exercise the right be given the opportunity of knowing that there is a decision to appeal from and of forming an opinion as to whether that decision presents an appealable issue. . . . Until the prospective appellant has either actual or constructive notice that a decision has been reached, the right of appeal is meaningless." (Citations omitted; internal quotation marks omitted.) *Loulis* v. *Parrott*, 241 Conn. 180, 191, 695 A.2d 1040 (1997).

Because the plaintiff in this case had no actual or constructive notice of the commission's finding that the defendant was in compliance with the town's zoning regulations, we conclude that he cannot be deemed to have failed to exhaust his administrative remedies. In this case, the plaintiff made a complaint to the zoning enforcement officer on September 29, 1997. The commission accepted that letter on October 1, 1997, and held meetings with respect to the allegations therein on October 6 and 27, 1997. We are not persuaded that the plaintiff had notice of the commission's decision from the filing of the commission's agenda[8] and minutes with the town clerk. The filing of the agenda and minutes is not sufficient to satisfy the principle that the right to appeal must be preceded by adequate notice. The commission's duty to file the agendas and minutes of its meetings arises from an entirely different statutory scheme from the zoning statutes and does not afford the plaintiff a realistic opportunity to appeal to the zoning board of appeals. See id., 195–96 (statute requiring newspaper publication and posting of placard in regard to application for liquor permit did not provide notice that local zoning official certified that premises approved for liquor license). The purpose of the Freedom of Information Act is not to require notice in zoning cases; rather, it codifies the "long-standing legislative policy . . . favoring the open conduct of government and free public access to government records." (Internal quotation marks omitted.) *Chief of Police* v. *Freedom of Information Commission*, 252 Conn. 377, 387, 746 A.2d 1264 (2000), citing *Wilson* v. *Freedom of Information Commission*, 181 Conn. 324, 328, 435 A.2d 353 (1980). The commission's decision in this case was not published, nor were the plaintiff or his attorney sent

---

[8] An agenda for the October 27 meeting was filed with the town clerk on October 23, 1997. It provided in relevant part: "NEW BUSINESS: Paul Falco, 75 Barrows Road. There was no evidence that an agenda for the October 6 meeting was filed."

notice of the decision.[9] The plaintiff did not receive adequate notice of the commission's decision.

We therefore conclude that the reasoning in *Loulis* v. *Parrott*, supra, 241 Conn. 180, is controlling here. In *Loulis*, our Supreme Court held that even where the legislature has not required notice of a particular administrative action, it does not follow that aggrieved persons are barred from challenging that action. Id., 193–94. Thus, in *Loulis*, the court held that the plaintiffs, who had no notice of the granting of a zoning permit, had not failed to exhaust their administrative remedies when they sought injunctive relief in the trial court. Id., 191–92. We conclude that the plaintiff has not failed to exhaust his administrative remedies.

## II

The defendant next claims that the plaintiff failed to prove special damages and that, on the basis of *Granger* v. *A. Aiudi & Sons*, 60 Conn. App. 36, 758 A.2d 417, cert. denied, 255 Conn. 902, 762 A.2d 908 (2000), the trial court decision must be reversed. We agree with the defendant.

"Our Supreme Court recently set forth the governing principles for our standard of review as it pertains to a trial court's discretion to grant or deny a request for an injunction: A party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law. . . . A prayer for injunctive relief is addressed to the sound discretion of the court and the court's ruling can be reviewed only for the purpose of determining whether the decision was based on an erroneous statement of law or an abuse of discretion. . . . Therefore, unless the trial court has abused its discretion, or failed to exercise its discretion

---

[9] Interestingly, the defendant and his attorney were sent letters confirming the decision of the commission, but not until April 2, 1998, after the commencement of the underlying action.

. . . the trial court's decision must stand." (Internal quotation marks omitted.) Id., 44.

In *Granger*, the plaintiff sought to enjoin the defendant from operating a rock crushing and concrete manufacturing plant on the defendant's property. The plaintiff, in an amended complaint, alleged that the defendant's use was unreasonable, that it caused noise, air pollution and water and traffic diversion, that it interfered with the plaintiff's use and enjoyment of his property and that it caused a diminution in the value of his property. He sought a permanent injunction and compensation for the alleged diminution in value. The trial court assumed, without finding, that the defendant violated the zoning regulations, but having found no special damages, dismissed the case. On appeal, this court affirmed the trial court's decision. Id., 38. We held that the trial court correctly stated that "[t]hough the primary responsibility for enforcing zoning regulations rests with the zoning commission, where a violation results in special damage to an individual, the injured party has a right to seek injunctive relief [from the court]." (Internal quotation marks omitted.) Id., 45. We held, however, that the plaintiffs were not entitled to an injunction as a matter of law on the basis of the defendant's alleged zoning violations because the plaintiffs failed to prove that they suffered special damages as a result of the alleged violations. Id., 45–46.

"[Damages] which necessarily result are termed general damages, being shown under the ad damnum, or general allegation of damages, at the end of the declaration; for the defendant must be presumed to be aware of the necessary consequences of his conduct, and therefore cannot be taken by surprise in the proof of them. Some damages are always presumed to follow from the violation of any right or duty implied by law; and therefore the law will in such cases award nominal damages, if none greater are proved. But where the

damages, though the natural consequences of the act complained of, are not the necessary result of it, they are termed special damages; which the law does not imply; and therefore, in order to prevent a surprise upon the defendant, they must be particularly specified in the declaration, or the plaintiff will not be permitted to give evidence of them at the trial." (Internal quotation marks omitted.) *Cordner* v. *Hall*, 84 Conn. 117, 119–20, 79 A. 55 (1911). Thus, special damages are damages "which the law does not presume to have been the necessary and direct result of the injury complained of." Id., 120.

In this case, as in *Granger*, the plaintiff's amended complaint alleged special damages. Specifically, paragraph nine provides in relevant part: "As a direct result of the conduct of the defendant Falco . . . the plaintiffs have suffered the following damages, which include . . . (f) the diminishing value of their respective properties [and] (g) anxiety, emotional distress, loss of sleep, loss of appetite, headaches and nausea . . . ." The trial court, however, concluded that the plaintiff failed to prove special damages. The court noted that the only testimony was that of the plaintiff himself, there was no other evidence as to the level of noise or fumes or the plaintiffs' alleged health problems resulting from the defendant's property use, and there was no evidence presented as to the value of his property. Because the court found that the plaintiff failed to prove special damages, we conclude that, pursuant to *Granger*, the court improperly granted the plaintiff injunctive relief.

The judgment is reversed and the case is remanded with direction to render judgment dissolving the injunction.

In this opinion the other judges concurred.