MICHAEL AMMIRATA ET AL. *v.* ZONING BOARD OF
APPEALS OF THE TOWN OF REDDING ET AL.
(AC 20640)

Foti, Flynn and Peters, Js.

Argued November 17, 2003—officially released January 20, 2004

*Peter S. Olson*, with whom, on the brief, was *Michael N. LaVelle*, for the appellant (plaintiff).

*Paul L. Bollo*, for the appellee (defendants).

*Opinion*

FLYNN, J. This appeal is before us on remand from the Supreme Court. It ruled in *Ammirata* v. *Zoning Board of Appeals*, 264 Conn. 737, 826 A.2d 170 (2003), that this court in *Ammirata* v. *Zoning Board of Appeals*, 65 Conn. App. 606, 782 A.2d 1285 (2001), improperly had declined to review, because of an inadequate

record,[1] the plaintiffs' claim that the Redding zoning commission was barred by principles of res judicata and collateral estoppel from asserting zoning violations that it had litigated or had the opportunity to litigate in a prior zoning injunction action against the plaintiffs.[2]

[1] The trial court did not address either the claim of collateral estoppel or res judicata in its decision, nor did it explain why it did not do so. Neither party sought an articulation.

On September 9, 2003, this court ordered simultaneous supplemental briefs from the parties addressing (1) what particular portions of the record would allow this court to decide the collateral estoppel and res judicata issues, and (2) factual matters to which the parties had agreed when they were before the Supreme Court.

The plaintiffs never pleaded that the zoning enforcement action against them, which was the subject of their administrative appeal, was barred by the effect of the stipulated judgment of July 23, 1999, nor did they plead that the municipality's enforcement action was collaterally estopped by that same judgment. Although permitted to do so pursuant to General Statutes § 8-8 (i) and (k), neither the plaintiffs nor the defendants requested that the trial court amend or supplement the return of record with the stipulated judgment rendered in the separate injunction case, nor did they ask the court to take judicial notice of it, nor was a certified copy of it entered into evidence. Although the plaintiffs, who bore the burden of proof, followed none of these procedures in the trial court, they did attach a certified copy of the stipulated judgment to their brief. While it is not clear from the supplemental appellate briefs we ordered on remand exactly what the parties agreed to before the Supreme Court, we note from the transcript of the oral argument made on appeal from our decision to the Supreme Court that the parties did agree that the trial court had necessarily decided the issues of collateral estoppel and res judicata.

[2] The timeline for the two actions is as follows:

| INJUNCTION | APPEAL |
|---|---|
| September, 1998—Zoning enforcement officer files action for injunction regarding number of horses and sign usage. | |
| | October 21, 1998—Zoning enforcement officer sends a letter requiring that the plaintiffs file a land management plan and abide by the twenty-five foot paddock setback. |
| | February 11, 1999—Cease and desist order sent to plaintiffs |

We now decide these issues at the direction of the Supreme Court and affirm the judgment of the trial court.

We first address the plaintiffs' claim that collateral estoppel bars the municipality's enforcement orders citing a violation of a twenty-five foot paddock setback requirement and ordering the filing of a land management plan.

"Collateral estoppel, or issue preclusion . . . prohibits the relitigation of an issue when that issue *was actually litigated* and *necessarily determined* in a prior action between the same parties upon a different claim. . . . For an issue to be subject to collateral estoppel, it must have been *fully and fairly litigated in the first action*. It also must have been actually decided and the decision must have been necessary to the judgment." (Emphasis in original; internal quotation marks omitted.) *R & R Pool & Patio, Inc.* v. *Zoning Board of*

regarding paddock setback and failure to file a land management plan.

February 25, 1999—Plaintiffs file an appeal from the cease and desist order with the zoning board of appeals.

March 16, 1999—Appeal denied.

April 7, 1999—Plaintiffs appeal the denial by the zoning board of appeals to the trial court.

July 23, 1999—Stipulated injunction judgment limiting the number of horses to nine and ordering compliance with sign usage ordinances.

January 7, 2000—Trial court upheld zoning board of appeals decision.

*Appeals*, 257 Conn. 456, 466, 778 A.2d 61 (2001). We have carefully reviewed the copy of the injunction judgment that arose from the earlier case brought against the plaintiffs by Aimee Pardee, the zoning enforcement officer.[3]

"To determine whether two claims are the same . . . we compare the pleadings and judgment in the first action with the complaint in the subsequent action." *Thorpe* v. *Commissioner of Correction*, 73 Conn. App. 773, 777, 809 A.2d 1126 (2002). The stipulated permanent injunction prohibited the plaintiffs from "[maintaining] more than nine horses on the premises, unless the [plaintiffs] shall apply for and receive approval for a land management plan pursuant to the zoning regulations of the town of Redding permitting more than such number of horses . . . ." A review of the underlying complaint on which this judgment was rendered discloses that the issues of the twenty-five foot setback for paddocks and the municipality's right to request future management plans were never litigated. The complaint dealt only with the number of horses and sign usage. We agree with the defendants that the underlying complaint and injunction judgment rendered on that complaint did not show that the parties had litigated the municipality's authority under its regulations to require filing of a land management plan in the future.

We therefore conclude that the plaintiffs have failed to prove their claim of collateral estoppel because they have failed to prove that the parties *actually litigated* either the legality of the twenty-five foot paddock setback requirement or the municipality's ability to require

---

[3] The mere fact that Pardee, in her capacity as the zoning enforcement officer for the town of Redding, and not the zoning board was named in the earlier action does not bar this appeal because a judgment in connection with an agency officer in his or her official capacity is binding on the agency. See *Wade's Dairy, Inc.* v. *Fairfield*, 181 Conn. 556, 561, 436 A.2d 24 (1980).

future land management plans to prevent other violations of the municipal zoning ordinance.[4]

We next turn to the plaintiffs' claim on appeal that res judicata is a bar to the defendant's enforcement action. "The doctrine of res judicata holds that an existing final judgment[5] rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. . . . If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might have been made." (Citations omitted.) *Wade's Dairy, Inc.* v. *Fairfield*, 181 Conn. 556, 559–60, 436 A.2d 24 (1980).

We already have concluded in our analysis of the related defense of collateral estoppel that the parties did not litigate the questions of paddock setbacks or whether the municipality could require the filing of land management plans. There was no prior judgment as to

---

[4] In addition, this court previously has determined, and no certification to appeal was granted as to the determination, that a nonconforming use does not exempt the plaintiffs from the zoning requirement that they submit a land use plan because a municipality may regulate a nonconforming use under its police powers. *Ammirata* v. *Zoning Board of Appeals*, supra, 65 Conn. App. 612–15; see *Bauer* v. *Waste Management of Connecticut, Inc.*, 234 Conn. 221, 242–43, 662 A.2d 1179 (1995).

[5] "For res judicata purposes, a judgment is final if no further judicial action by [the] court rendering judgment is required to determine [the] matter litigated." (Internal quotation marks omitted.) *Marone* v. *Waterbury*, 244 Conn. 1, 12, 707 A.2d 725 (1998). "A final award is [o]ne which conclusively determines the matter submitted and leaves nothing to be done except to execute and carry out the terms of [the] award." (Internal quotation marks omitted.) Id. In this case we are presented with two actions that simultaneously were pending. In pending actions, it is not required that the judgment be rendered before the subsequent action is commenced, but only that final judgment is rendered before the judgment of the second action becomes final. See 1 Restatement (Second), Judgments § 14, comment (a) (1982).

the issues of the paddock and plan filing which would bar those claims. However, in their res judicata claims, the plaintiffs argue that the town of Redding *could* have litigated the paddock setback issue and the general requirement of the filing of a land management plan in the prior injunction action, and because it did not do so, it was barred by principles of res judicata.

The principal issue to be decided in this appeal is whether a municipality must prosecute all allegations of zoning violations on a premises that might exist at one time, when it has brought an injunction action as to some, or be barred by principles of res judicata from enforcing compliance with ordinances that it did not earlier enjoin. We conclude that in the present factual scenario, the defendant was not so barred, and, therefore, we affirm the judgment of the trial court.

We first observe that the plaintiffs have cited no authority in which res judicata has been applied in the way they argue it acts as a bar prohibiting a municipality's enforcement of its zoning ordinances.

We next observe that it is the sense of our statutory scheme of land use regulation that a municipal zoning agency is not barred from later enforcement of its zoning regulations by virtue of the fact that it has earlier brought an injunction action against other distinct and separate violations of its ordinances. It is a "settled proposition that zoning regulations in general seek the elimination rather than the enlargement of nonconforming uses." *Raffaele* v. *Planning & Zoning Board of Appeals*, 157 Conn. 454, 458, 254 A.2d 868 (1969). In fact, "[a] nonconforming use may not be established through an existing use of land which was commenced or maintained in violation of a zoning ordinance." (Internal quotation marks omitted.) *In re Quatraro* v. *Zoning Board of Appeals*, 277 App. Div. 2d 1001, 1002, 716 N.Y.S.2d 508 (2000). If a municipality could be barred

from the prosecution of actual zoning violations by the res judicata doctrine merely because it did not join these violations in an earlier injunction proceeding against other violations, the effect would be to expand nonconforming uses of land rather than to eliminate them and, thus, would be contrary to our statutory scheme of zoning.

Furthermore, application of res judicata to administrative decisions is not encrusted with the rigid finality that characterizes the precept in judicial proceedings. Because the traditional concepts of res judicata do not work well in the context of zoning violation enforcement, they should be relaxed to prevent injustice to the municipality and its enforcement abilities. See *Grose* v. *Cohen*, 406 F.2d 823, 825 (4th Cir. 1969). "The doctrines of preclusion . . . should be flexible and must give way when their mechanical application would frustrate other social policies based on values equally or more important than the convenience afforded by finality in legal controversies." (Internal quotation marks omitted.) *Isaac* v. *Truck Service, Inc.*, 52 Conn. App. 545, 555, 727 A.2d 755 (1999), aff'd, 253 Conn. 416, 752 A.2d 509 (2000).

In addition, we are persuaded that in a case involving multiple, continuing or recurrent violations, a municipality must be permitted to enforce its ordinances. It is important to recognize that zoning violations often come to the attention of enforcement officials by complaint of other property owners ad seriatim. Both the municipality and any neighboring property owners should be able to enforce abatement of violations so that the purpose of zoning to have uniform uses within a given zone is carried out.[6]

---

[6] We have nothing in the record before us to indicate that the municipality's purpose was to harass the plaintiffs by enforcing its ordinances in two separate actions.

We also note that the bar of res judicata that the plaintiffs urge us to adopt would destroy the uniformity of our statutory zoning scheme. General Statutes § 8-2 (a) provides in pertinent part that when a municipality adopts zoning regulations and establishes zoning districts, "[a]ll such regulations shall be uniform for each class or kind of buildings, structures or use of land throughout each district . . . ." Any need to vary from the uniformity of the regulations can be accomplished only by a variance issued by the zoning board of appeals pursuant to General Statutes § 8-6. It cannot be accomplished by a property owner's violation of the terms of a regulation and the uniformity it provides, followed by a claim of a vested right to continue the violations because the municipality did not seek to abate it in an earlier enforcement action brought for other reasons.

Finally, a necessary implication of the plaintiffs' res judicata argument is that a property owner's statutory right to appeal to the Superior Court from a zoning board of appeals' refusal to grant relief from an enforcement of a cease and desist order could be frustrated, vitiated and trumped by a municipality bringing a separate injunction proceeding. Such a result would offend due process rights to appeal, which the General Assembly guaranteed to aggrieved property owners when it enacted General Statutes § 8-8.

We do not have a situation before us in which the municipality brought two successive actions at law and where the present plaintiffs sought to bar the second such action. The municipality brought the injunction first in September, 1998, concerning the number of horses and the use of signs when the plaintiffs did not abate violations, which were cited in the cease and desist order. While that injunction was pending, the municipality issued a cease and desist order as to the twenty-five foot paddock setback. From that, the plaintiffs appealed to the zoning board of appeals, and when

they obtained no relief, they brought a statutory appeal under § 8-8.

The exclusive remedy to object to a cease and desist order is an administrative appeal to a zoning board of appeals and potentially to the Superior Court, pursuant to General Statutes §§ 8-6, 8-7 and 8-8. A property owner must exhaust his administrative remedies before he will be allowed to use an injunction to resolve the dispute. See *Cretaro* v. *Equitec Real Estate Investors Fund XII*, 6 Conn. App. 317, 318–19, 505 A.2d 22 (1986); *Totino* v. *Zoning Board of Appeals*, 41 Conn. Sup. 398, 401, 578 A.2d 681 (1990). The "rationale for the exhaustion doctrine is: (1) to effectuate the legislative intent that the issue in question be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment . . . and (2) to relieve courts of the burden of prematurely deciding questions that may be resolved satisfactorily through the administrative process." (Internal quotation marks omitted.) *McDonnell* v. *Falco*, 66 Conn. App. 508, 513, 784 A.2d 1051 (2001). If issues that could have been raised in an injunction proceeding are barred by res judicata in an ongoing administrative zoning appeal, the result would be a circumvention of the appeal process by either the property owner or the municipality, in effect allowing the injunction to bypass the statutory appeal on issues that were never litigated or decided. This would weaken a municipality's zoning enforcement abilities, enlarge the number of nonconforming uses in a municipality and stand in opposition to our statutory scheme of land use regulation and statutory appellate process.

We conclude that where there is no finding or record of piecemeal enforcement resulting in harassment of a property owner, a municipality does not have to prosecute all allegations of zoning violations existing on a

premises at one time or else risk being barred by principles of res judicata as to any violations it later seeks to prosecute that it did not earlier enjoin.

The judgment is affirmed.

In this opinion the other judges concurred.