# INLAND WETLANDS AND WATERCOURSES COMMISSION OF THE TOWN OF WALLINGFORD ET AL. *v.* LYNNE COOKE ANDREWS ET AL.
## (AC 34329)

Gruendel, Beach and Sheldon, Js.

Submitted on briefs September 21—officially released November 27, 2012

*Lynne Cooke Andrews*, pro se, and *Jeffrey P. Andrews*, pro se, the appellants (defendants), filed a brief.

*Janis M. Small*, corporation counsel, filed a brief for the appellees (plaintiffs).

*Opinion*

PER CURIAM. The defendants, Lynne Cooke Andrews and Jeffrey P. Andrews, appeal from the judgment of the trial court rendered in favor of the plaintiffs, the inland wetlands and watercourses commission of the town of Wallingford (commission) and Erin O'Hare, the town's environmental planner, issuing a permanent injunction and remediation order. The defendants claim that the court (1) improperly failed to consider their takings claim, (2) improperly determined that they could not challenge the orders of the commission from which they had not appealed, (3) erred in prohibiting certain witnesses from testifying and (4) was biased and thus incapable of issuing an impartial decision. We affirm the judgment of the trial court.

The trial court noted the following facts and procedural history. "The defendants . . . are the owners of property located at 216 Northford Road in Wallingford . . . . On or about August 7, 2009, the . . . commission . . . issued a cease and desist order to . . . Lynn Cooke Andrews ordering that [she] cease activity in the wetlands on the property without a permit from the commission. . . . . Lynn Cooke Andrews received said

order by certified mail. The order scheduled a special meeting of the commission to be held on August 12, 2009. On August 12, 2009, [Lynn Cooke Andrews] appeared at the meeting of the commission and the cease and desist order was ordered to remain in effect. No appeal from this order was taken to the Superior Court. . . .

"On October 5, 2009, the defendants . . . formally requested a determination from the [commission] that the activities being performed by the defendants 'are exempt from the Inland Wetlands & Watercourses Act [act], General Statutes § 22a-36 et seq.' . . . This request was made pursuant to Section 4.5 of the . . . [i]nland [w]etlands and [w]atercourses [r]egulations of the [t]own of Wallingford [regulations]. . . . Section 4.5 of the . . . regulations provides in relevant part that: '[A]ny person proposing to carry out a permitted or non-regulated operation or use of a wetland or watercourse . . . shall, prior to commencement of such operation or use, notify the [c]ommission . . . and provide the [c]ommission with sufficient information to enable it to determine that the proposed operation and use is a permitted or non-regulated use of the wetland or watercourse. The [c]ommission or its designated agent shall rule that the proposed operation or use is a permitted or non-regulated use or operation or that a permit is required.' . . .

"The [commission] held a meeting on December 2, 2009, and it denied the defendants' request for exemption, and 'ordered the cease and desist [to] remain in effect until a (proper) application for a farm pond and other proposed activities is submitted which includes a remediation/restoration plan for the disturbed wetlands and the altered stream and provides a relocation area and a relocation plan for the excavated soils.' . . . The [commission] also held in its decision that 'the excavated basin is not a farm pond essential to the farming

operation.' . . . These findings and orders were reaffirmed in a 'Cease and Desist Order/Determination Relative to Exemption' dated December 8, 2009, which was also sent by certified mail to [Lynn Cooke Andrews]. . . . At [the commission's] meeting on January 6, 2010, the defendants were ordered to complete remediations on the property by June 1, 2010. . . . The defendants did not appeal [from] any of the . . . orders as required under General Statutes § 22a-43. To date, the defendants have failed to remediate the property in accordance with the [commission's] order, and have, in fact, continued to violate the [commission's] cease and desist order and have further engaged in additional violations.

"On July 27, 2010, the [commission] issued a second cease and desist order [ordering the defendants to cease further activity on the wetlands property and immediate surroundings]. . . . Once again, the [commission] held a hearing affording the defendants an opportunity to address the commission and the cease and desist order. The defendants did not attend said hearing, and said cease and desist order was upheld. Once again, the defendants did not appeal [from] this second cease and desist order. Moreover, the undisputed record is that the defendants did not appeal [from] either cease and desist order or the determination denying the exemption pursuant to . . . § 22a-43." (Citations omitted.) The plaintiffs commenced this action seeking injunctive relief, an order permitting the inspection of the property by the plaintiffs, civil penalties, an order requiring the defendants to comply with the order to remediate, costs, fees, expenses, attorney's fees and any other appropriate relief.

In its memorandum of decision, the court stressed that the defendants did not appeal from the decision of the commission that the activities they were performing were not exempt from the act nor from the commission's first or second cease and desist orders. The court

determined that it was the defendants' obligation to appeal from those orders if they were dissatisfied rather than wilfully to defy and to ignore the orders. The court determined that the equities weighed heavily in the plaintiffs' favor—the court found the plaintiffs' witnesses credible regarding severe and ongoing damage to the wetlands and an immediate need for remediation. The court granted the commission's request for a permanent injunction. The court ordered the defendants to restore the property and detailed how and in what time frame the defendants were to remediate the violations. The court retained jurisdiction over the matter in order to resolve any issues regarding remediation and to make a final determination regarding compliance. This appeal followed.

I

The defendants first claim that the court improperly failed to consider their claim that their farm property had been subject to a per se taking without just compensation. Although the defendants arguably raised a takings claim in their answer to the plaintiffs' amended complaint, the court did not address the claim directly. Claims that are not addressed or decided by the trial court are not properly before this court. *Crest Pontiac Cadillac, Inc.* v. *Hadley*, 239 Conn. 437, 444 n.10, 685 A.2d 670 (1996). If the trial court has overlooked a claim, it was the defendants' responsibility to take appropriate action requesting the trial court to rule; otherwise, we cannot reach the issue. See *Mickey* v. *Mickey*, 292 Conn. 597, 609, 974 A.2d 641 (2009) (it is appellant's responsibility to ask trial judge to rule on overlooked matter). The trial court did not address the takings claim, and the defendants did not take appropriate action to compel a decision by the trial court. We therefore have no record on which to decide this issue.

## II

The defendants next appear to claim that the court improperly determined that they could not challenge the cease and desist orders of the commission because they had failed to appeal from those orders. They argue that, despite their failure to appeal from the commission's orders, they may continue with their farming activity on their property because they legally do not need permission or a permit according to General Statutes §§ 22a-40, 22a-38, 22a-471b, 19a-341, 22a-349 and 1-1 (q). We are not persuaded.

The court properly determined that, in the circumstances of this case, the defendants could not challenge the orders of the commission in this action because the orders of the commission had become final. The defendants did not appeal from the commission's determination denying their request for an exemption from the act, nor did they appeal from either of the commission's cease and desist orders. The proper way to vindicate a legal position is not to disobey the orders, but rather to challenge them on appeal. See *Ammirata* v. *Zoning Board of Appeals*, 81 Conn. App. 193, 202, 838 A.2d 1047 (exclusive remedy to object to cease and desist order is to appeal), cert. denied, 268 Conn. 908, 845 A.2d 410 (2004). Having failed to appeal from the commission's orders, the defendants rendered themselves unable to contest in the trial court the validity of the commission's orders. See *Masayda* v. *Pedroncelli*, 43 Conn. App. 443, 447, 683 A.2d 23 (1996) ("[w]hen a party has a statutory right of appeal from the decision of an administrative officer or agency, he [or she] may not contest the validity of the order if zoning officials seek its enforcement in the trial court after the alleged violator has failed to appeal").

## III

The defendants next claim that the court erred in prohibiting individual members of the commission from testifying.[1] We do not agree.

On October 13, 2011, the defendants sought to introduce testimony from five members of the commission. When asked by the court what testimony was sought from these witnesses, Lynn Cooke Andrews responded, "I'd like to know why they ruled. If they are all concerned about water, why they would feel that water is not essential for us." The court asked Jeffrey Andrews if there were any additional questions he wished to ask of the witnesses, to which he responded in the negative. The court then ruled, in response to an objection made by the plaintiffs' attorney, that the commission members would not be permitted to testify to such issues because the testimony sought to be admitted was not relevant.

"Evidence is admissible only if it is relevant. . . . Relevant evidence is evidence that has a logical tendency to aid the trier in the determination of an issue. . . . It is well settled that questions of relevance are committed to the sound discretion of the trial court." (Citations omitted; internal quotation marks omitted.) *Puchalsky* v. *Rappahahn*, 63 Conn. App. 72, 77, 774 A.2d 1029, cert. denied, 256 Conn. 931, 776 A.2d 1147 (2001).

The court did not abuse its discretion in determining that the proposed testimony regarding the need for

---

[1] The defendants also appear to claim that the court erred in failing, sua sponte, to order a default when some but not all of the eight members of the commission whom the defendants had subpoenaed appeared in court on September 8, 2011. The court indicated that all of the witnesses subpoenaed by the defendants should have been present and continued the case until October 13, 2011. The court did not abuse its discretion in not issuing sanctions. Most of the subpoenaed witnesses appeared the second day of the hearing, and the court ruled properly that the offer of proof showed that the proposed testimony was irrelevant.

water was not relevant. The defendants had, on September 8, 2011, elicited testimony from James Vitale, the chairman of the commission, regarding the need of living things for water and the necessity of water regarding the defendants' farm. In response to an objection posed by the plaintiffs, the court stated that because the defendants had not appealed from the commission's orders, they could not now relitigate those issues. On the next day of trial, October 13, 2011, the defendants sought to elicit similar testimony from five additional members of the commission. The testimony regarding the need for water sought to relitigate rulings by the commission from which the defendants had not appealed. The commission concluded, in denying the defendants' request for an exemption from the act and issuing the second cease and desist order, that the excavated basin on the defendants' property was not essential to the farming operation. See General Statutes § 22a-40 (a) (1) (permits farm pond of three acres or less in wetlands and watercourses if pond is essential to farming activity). Because the defendants did not appeal from the commission's orders, they could not contest in the trial court the validity of those orders. See *Masayda* v. *Pedroncelli*, supra, 43 Conn. App. 447.

IV

The defendants finally claim that the trial court was biased in favor of the plaintiffs' attorney and was not capable of issuing an impartial decision. The defendants have not properly preserved their claim and state in their reply brief that they did not raise the issue of bias before the trial court. "Claims alleging judicial bias should be raised at trial by a motion for disqualification or the claim will be deemed to be waived. . . . A party's failure to raise a claim of disqualification at trial has been characterized as the functional equivalent of consenting to the judge's presence at trial." (Citation omitted; internal quotation marks omitted.) *Wendt* v. *Wendt*,

59 Conn. App. 656, 692, 757 A.2d 1225, cert. denied, 255 Conn. 918, 763 A.2d 1044 (2000). Accordingly, the defendants cannot prevail on this claim.

The judgment is affirmed.